# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1902.

### MORRIS *v.* THE STATE.

1. The act approved December 15, 1897 (Acts 1897, p. 119), is not, because in its body it prescribes penalties for violations of its provisions not referred to in the title but entirely harmonious with the main idea and purpose as expressed in the title, violative of article 3, section 7, paragraph 8, of the constitution of this State (Civil Code, § 5771), as relating to more than one subject-matter, or as containing matter different from that expressed in its title.
2. The evidence was sufficient to sustain the judgment of conviction.

Argued December 15, 1902. — Decided January 10, 1903.

Accusation of misdemeanor.    Before Judge Lewis.    City court of Mount Vernon.    November 10, 1902.

*Charles D. Loud*, for plaintiff in error.
*W. B. Kent*, solicitor, *Sam. S. Bennet*, and *J. B. Geiger*, contra.

CANDLER, J.    The accused was tried in the city court of Mount Vernon, upon an accusation charging that on the 17th day of July, 1902, in the county of Montgomery, he did "unlawfully and with force and arms engage in the practice of dentistry for fee, without registering in said county as required by law, and without legal authority from the Board of Dental Examiners of said State to practice dentistry, the said Ralph Morris not having legal authority to practice dentistry on the 15th day of December, 1897, and not coming within the class of persons exempt from the provisions of the act approved December 15th, 1897, and the said Ralph Morris not being then and there a regularly licensed physician or surgeon."

We will remark, in passing, that we have in the past had frequent occasion to doubt the appropriateness of the indiscrimi-

1

nate and almost universal use, in indictments and accusations, of the time-worn phrase, " with force and arms." We can not, for example, see the necessity of charging force and arms in indictments and accusations for perjury, forgery, vagrancy, and similar crimes involving the employment of no physical force. Suffering humanity, however, will attest the peculiar aptness of the phrase in cases like the present; and from this we should learn well the lesson that, amid the kaleidoscopic changes wrought by twentieth century progress and advancement, it behooves us to be careful lest we slip too far from the moorings of our fathers, or desecrate with too ruthless a hand the ancient landmarks of the English law.

The case was tried by the judge below, without a jury, and the accused was found guilty. The evidence for the State showed that the accused had practiced dentistry in Montgomery county during the year 1902. That for the accused, and his statement, were to the effect that he had practiced dentistry in that county since April 1, 1897. At the conclusion of the evidence, and after both sides had announced closed, counsel for the accused moved orally to dismiss the accusation, on the grounds that the act on which the accusation was founded was unconstitutional, "that the said accusation was insufficient to set up any violation of any criminal statute, and that the evidence in said case failed to establish a violation of any valid statute or constitutional act." The reasons alleged why the act in question is unconstitutional were, (1) that it contains matter in the body of the act not referred to in the title; (2) that it relates to more than one subject-matter; (3) that the title is silent as to any penalty, " and is totally lacking as to constituting or establishing a criminal offense;" and (4) that the act attempts to create two distinct and separate classes of misdemeanors, as shown by sections 7 and 9 thereof. The court overruled the motion to dismiss, and the accused excepted.

1. After a careful reading of the act approved December 15, 1897 (Acts 1897, p. 119), upon which, it seems to be conceded, the accusation in the present case was founded, we conclude that it is not, for any of the reasons assigned in the bill of exceptions, unconstitutional. The title of the act is as follows: " An act to establish a Board of Dental Examiners, prescribe its powers and duties, and to regulate dentistry and the practice thereof, and to

repeal existing laws regulating the same, and for other purposes."
The body of the law is quite comprehensive, but throughout ad-
heres harmoniously to the main idea conveyed in the title, to wit,
the regulation of the practice of dentistry.   The fact that no allu-
sion is made in the title to penalty for the violation of the pro-
visions of the act, while the body of the act does provide such
penalty, does not render the law repugnant to article 3, section 7,
paragraph 8, of the constitution of Georgia (Civil Code, § 5771).
If, as was held by this court in the case of *Smith* v. *Bohler*, 72 *Ga.*
542, under the title, "to regulate public instruction in the county
of Richmond," an act of the legislature could, without a violation
of the constitutional provision referred to, grant authority to the
board of education to levy a tax for school purposes, certainly under
the title, "to regulate dentistry and the practice thereof, . . and for
other purposes," an act could lawfully prescribe penalties for viola-
tions of its provisions ; for it is hard to see how dentistry or the
practice thereof would be regulated if any one could, at his will,
disregard the regulations laid down.   It is true that different sec-
tions of the act prescribe penalties for different offenses, but all of
these sections relate to the main subject dealt with, the regulation
of the practice of dentistry, with which, as before stated, the entire
act is in harmony ; and it can not be said that in any proper or
legal sense the act relates to more than one subject-matter.   We
conclude, therefore, that the court below properly overruled the
motion to dismiss the accusation on the ground of the unconstitu-
tionality of the act on which it was based.

2. The only remaining question to decide is whether or not the
judgment of the trial court was supported by the evidence.   It was
proved by the State, and not controverted by the accused, that the
latter had practiced dentistry as alleged in the accusation.   The
only evidence offered by the accused was to the effect that he had
been engaged in the practice of dentistry since April 1, 1897, which
was prior to the passage of the act referred to in the first division
of this opinion.   This evidence was doubtless offered in view of
the proviso contained in the first section of the act of 1897, "that
this act shall not affect the right, under the laws of Georgia, of
dentists to practice dentistry who have lawful right to practice
dentistry at the time of the passage of this act."   Under the Penal
Code, § 489, when the State, on the trial of an accusation for the

illegal practice of dentistry, proves that the accused has practiced dentistry as charged in the accusation, it is incumbent on the accused to show that he has authority, under the law, to practice dentistry, to exempt himself from the penalty of the law; and it was not enough for the accused in the present case to show that he had been engaged in the practice of dentistry since April 1, 1897, without showing that such practice was lawful. We can understand how counsel may have been misled by the language of the opinion of this court in the case of *Herring* v. *State*, 114 *Ga.* 96. What the learned Justice who delivered the opinion intended to hold in that case, and all that was held, was that as to persons who were *lawfully* practicing dentistry at the time of the passage of the act of 1897 the act does not apply. Prior to the time that act was passed, there were certain requirements of the law, compliance with which was necessary before one could lawfully practice dentistry; and all who at that time had complied with the law as it then stood were exempt from the provisions of the present law. The accused did not offer to prove, and did not claim in his statement, that he had authority to practice dentistry prior to the passage of the act of 1897, nor did he claim to have since acquired such authority. Hence, under the evidence, we think the court below was right in adjudging him guilty as charged in the accusation.

*Judgment affirmed.    By five Justices.*