## STANLEY *v.* THE STATE.

1. The act of the General Assembly, approved August 2, 1907 (Acts. 1907, p. 121), entitled "An act to provide against the evils resulting from the traffic in certain narcotic drugs, and to. regulate the sale thereof," is not unconstitutional on the ground that it violates that portion of article 3, section 7, paragraph 8, of the constitution of this. State, which provides that "No law or ordinance shall pass which refers to more than one subject-matter," because "said act refers to more than one subject-matter, in this, that its object, as stated in the title thereof, is to provide against the evils resulting from the traffic in certain narcotic drugs and to regulate the sale thereof, and in addition to said' object said act seeks to prohibit the prescribing of certain narcotic drugs by practitioners of medicine, dentistry, or veterinary medicine, and to regulate the prescribing of said drugs by practitioners of dentistry and lawfully authorized practitioners of medicine in certain cases."

2. Nor is such act unconstitutional on the ground that it violates that portion of the paragraph of the constitution above referred to, which provides that no law "shall pass which . . contains matter different from what is expressed in the title thereof," because "said act contains in the body matter different from what is embraced in the title thereof, in that the title of the act contains nothing indicating a purpose to make penal the sale or prescription of the narcotic drugs named in said act, or to prescribe a punishment therefor."

MARCH 2, 1911.

Constitutional question; from Court of Appeals. 2798.

*P. W. Meldrim* and *Wilson & Rogers,* for plaintiff in error.

*Walter .C. Hartridge, solicitor-general,* contra.

HOLDEN, J. The Court of Appeals has certified to this court the following question: "Is the act of the General Assembly, approved August 2, 1907, entitled, 'An act to provide against the evils resulting from the traffic in certain narcotic drugs, and to regulate the sale thereof,' unconstitutional and void because it is in conflict with that portion of the constitution of the State of Georgia embraced in section 5771 of the Code of Georgia, (*a*) because said act refers to more than one subject-matter, in this, that its object, as stated in the title thereof, is to provide against the evils resulting from the traffic in certain narcotic drugs and to regulate the sale

thereof, and in addition to said object said act seeks to prohibit the prescribing of certain narcotic drugs by practitioners of medicine, dentistry, or veterinary medicine, and to regulate the prescribing of said drugs by practitioners of dentistry and lawfully authorized practitioners of medicine in certain cases? (*b*) because said act contains in the body matter different from what is embraced in the title thereof, in that the title of the act contains nothing indicating a purpose to make penal the sale or prescription of the narcotic drugs named in said act, or to prescribe a punishment therefor?"

1. The title to this act of the General Assembly, approved August 2, 1907 (Acts 1907, p. 121), is as follows: "An act to provide against the evils resulting from the traffic in certain narcotic drugs, and to regulate the sale thereof." Counsel for the plaintiff in error contend that the act violates article 3, section 7, paragraph 8, of the constitution of this State, which provides that "no law or ordinance shall pass which refers to more than one subject-matter." It is urged that absolute prohibition of the sale of certain articles involves a different subject-matter from that of regulation of the sale of such articles, and that "to provide against the evils resulting from the traffic" in certain articles necessarily involves the idea of absolute prohibition of the traffic, while "to regulate the sale" of such articles necessarily implies the continuance of the sale of them. Provision can be made "against the evil resulting from the traffic" in an article without absolutely prohibiting such traffic. Such provision might be made by abolishing the traffic; but it can also be made by permitting the traffic under certain restrictions and regulations designed to avert the evils flowing from the traffic without such restrictions and regulations. "To provide against the evils resulting from the traffic" in certain articles presupposes existing evils flowing from the traffic, and the language is such as to involve the idea of permitting the traffic to continue, with provisions throwing restrictions around the traffic which correct such evils. Provisions "against the evils resulting from the traffic" in an article and provisions regulating the sale of the article are not inconsistent. Such provisions involve no contradiction, and do not involve two subject-matters. The object or subject-matter of the act as expressed therein was not the absolute prohibition of the sale of or traffic in the named drugs.

The act does not absolutely prohibit the sale of, or traffic in, or prescribing of the articles referred to therein, but it permits the sale and prescribing under certain restrictions. To make unlawful and forbid the sale or prescribing of an article, except in a specified way and to named classes of persons, does not involve a subject-matter different from that involved in a regulation of the sale of such articles. The act makes it "unlawful for any practitioner of medicine, dentistry, or veterinary medicine to furnish to or prescribe for the use of any habitual user of the same" any of the drugs specified, but it is provided that this "shall not be construed to prevent any lawfully authorized practitioner of medicine from furnishing or prescribing in good faith, for the use of any habitual user of narcotic drugs who is under his professional care, such substances as he may deem necessary for their treatment, when such prescriptions are not given or substances furnished for the purpose of evading the provisions of this act." The act makes it unlawful for any dentist to prescribe any of the named drugs for any persons not under his treatment in the regular practice of his profession, or for any practitioner of veterinary medicine to prescribe any of such drugs for any human being. The act also makes it unlawful for any person to sell, furnish, or give away (except as provided in the act) any of the drugs named, except upon the written orders or prescriptions of one of such "lawfully authorized practitioners," given in a specified way. A practitioner of veterinary medicine is prohibited from prescribing any of the drugs "for the use of any human being," but he is permitted to give prescriptions for the drugs to others, provided he states in the prescription or order "the kind of animal for which" the drugs are ordered or prescribed. Practitioners of medicine and dentistry are prohibited from prescribing for certain classes of persons, but are permitted to prescribe for those belonging to other classes. The act does not absolutely prohibit the prescribing of the drugs referred to therein by "practitioners of medicine, dentistry, or veterinary medicine," but it permits such prescribing by them as above indicated. The fact that the act prohibits practitioners of veterinary medicine from prescribing any of the drugs "for the use of any human being," and forbids others of the practitioners above named from prescribing the drugs except in a specified manner and for certain purposes and to certain classes of persons, and regulates the

prescribing of the drugs by practitioners of "medicine, dentistry, or veterinary medicine" in named instances, does not make the act refer to more than one subject-matter, or to a subject-matter different from that involved in regulating the sale of such drugs, or in providing against the evils resulting from the traffic in them. We fail to see any substantial distinction between the regulation of prescribing the poisonous drugs named in the act and the prohibition of prescribing them except in a specified manner and for specified purposes and to certain classes of individuals, when the provisions relating to prohibition of prescribing only impose reasonable restrictions on the manner of prescribing, and are valid as a reasonable exercise of the police power. State *v.* McKinney, 29 Mont. 375 (74 Pac. 1095, 1 A. & E. Ann. Cases, 579) ; Hronek *v.* Illinois, 134 Ill. 139 (24 N. E. 861, 8 L. R. A. 837, 23 Am. St. R. 652) ; Cronin *v.* People, 82 N. Y. 318 (37 Am. R. 364). Provisions regulating the giving of prescriptions for the drugs and providing punishment for a violation of such provisions do not involve a subject-matter different from that embraced in provisions regulating the sale of such drugs. Ex Parte Hallawell, 155 Cal. 112 (99 Pac. 490) ; Ex Parte Yung Jon, 28 Fed. 308. Except in specified instances and to named classes of persons, the act makes penal the sale of the drugs referred to therein, unless the sales are made "upon the original written order or prescription of a lawfully authorized practitioner of medicine, dentistry, or veterinary medicine," and the provisions of the act prohibiting "the prescribing of certain narcotic drugs by practitioners of medicine, dentistry, or veterinary medicine," except as provided in the act, and the regulation of "the prescribing of said drugs by practitioners of dentistry and lawfully authorized practitioners of medicine in certain cases," do not involve a different object from that involved in providing "against the evils resulting from the traffic" in such drugs and the regulation of "the sale thereof." To accomplish the object of the act "to provide against the evils resulting from the traffic in certain narcotic drugs and to regulate the sale thereof," the act makes it unlawful (except in specified instances and to named persons) for any person to sell the drugs except upon the prescription of practitioners of "medicine, dentistry, or veterinary medicine." To accomplish the same object the act makes it unlawful for these practitioners to give orders or prescriptions for any of the drugs

except as therein provided. Except in specified instances and to named classes of persons, it being made unlawful for any one to furnish the drugs to another, except upon the prescriptions of certain practitioners above referred to, the provisions of the act forbidding these practitioners to give prescriptions for the drugs, except as therein stated, do not involve a subject-matter different from that involved in providing "against the evils resulting from the traffic" in the drugs and regulating "the sale thereof." In the case of Ex Parte Yung Jon, 28 Fed. 308, it was ruled: "The subject of an act which forbids the sale or gift of opium to any one but a druggist or practicing physician, except on the prescription of a practicing physician, is sufficiently expressed in the following title: 'An act to regulate the sale of opium, and suppress opium dens.'" On pp. 310, 311, the court said: "The section in question of the State statute reads as follows: 'It shall be unlawful to sell or give away opium, or any preparation of which opium is the principal medicinal agent, to any person except druggists and practicing physicians, except on the prescription of a practicing physician, written in the English or Latin language; and the druggist filling such prescription shall keep the same on file for one year, subject to be inspected by any public officer of the State.' . . It is claimed by counsel for the petitioner that section 1 of this act is, in substance and effect, a *prohibition* of the sale of opium, while the subject expressed in the title is only the *regulation* of such sale. . . The sale or disposition of an article which is an active poison, and has no legitimate use except in medicine, may be regulated accordingly. In my judgment, the act does not in effect prohibit the disposition of the drug, but allows it under such circumstances, and on such conditions, as will, according to the general practice and opinions of the country, prevent its improper and harmful use." The act under review does not seek to accomplish two separate and distinct objects or refer to more than one subject-matter.

2. We do not think the act violates article 3, section 7, paragraph 8, of the constitution, providing that no law "shall pass which . . contains matter different from what is expressed in the title thereof," in that "the title of the act contains nothing indicating a purpose to make penal the sale or prescription of the narcotic drugs named in said act, or to prescribe a punishment

therefor." The law makes penal the act of any person furnishing or prescribing the drugs referred to therein, in violation of the provisions of the act. Whether the matter contained in the act is germane to the purposes of the act as indicated in its title must be determined in view of the subject-matter to which the legislation relates. The purpose of the act as shown in the title was "to provide against the evils resulting from the traffic in certain narcotic drugs," and "to regulate the sale" of such drugs; and provision for punishment for a violation of the provisions of the act regulating the sale and providing against the evils of the traffic in the drugs did not contain matter foreign to such purpose. It would be difficult to obtain any practical results in regulating the sale of poisonous drugs without providing for punishment of those violating the rules laid down for such regulation. Without provision for punishment in some way the provisions for regulation would be no more than recommendations to the public. The penalties provided in the act for a violation of the rules for a regulation of the sale are merely the means for accomplishing the object of regulation. Punishment for a violation of the provisions of the act relating to the sale of or traffic in the drugs, and relating to the giving of prescriptions or orders for the drugs, is embraced in the general object of the legislation of which the title gave notice, this general object being to regulate the sale and provide against the evils resulting from the traffic without proper restrictions. The fact that a violation of the provisions for regulation of the sale and prescribing of the drugs is to be made penal need not be stated in the title, to make such provisions in the act, or the act itself, valid as against the contention that the act contains matter different from that expressed in the title, as the penalties for violating the rules laid down for regulation are mere incidents of the regulation, and constitute parts of the plan for regulation laid down in the act. *Morris* v. *State,* 117 *Ga.* 1-3 (43 S. E. 368); *Plumb* v. *Christie,* 103 *Ga.* 687 (8), 701 (30 S. E. 759, 42 L. R. A. 181); *Howell* v. *State,* 71 *Ga.* 224 (51 Am. R. 259); *Welborne* v. *State,* 114 *Ga.* 793, 818 (40 S. E. 857); *Whitley* v. *State,* 134 *Ga.* 758 (68 S. E. 716); *Macon Ry. Co.* v. *Gibson,* 85 *Ga.* 1 (11 S. E. 442, 21 Am. St. R. 135); Hronek *v.* Illinois, supra; Ex Parte Yung Jon, supra; State *v.* Bernheim, 19 Mont. 512 (49 Pac. 441); 1 Lewis' Sutherland, Stat. Con. (2d ed.) § 136; 36 Cyc. 1023. The

act in question is not unconstitutional and void for either of the reasons referred to in the questions propounded by the Court of Appeals; and our answer to both questions is in the negative.

*All the Justices concur.*