### DAVIS et al. v. MAYOR & ALDERMEN OF THE CITY OF SAVANNAH.

PER CURIAM. 1. The ordinance of the City of Savannah, passed in 1909, to provide regulations touching the keeping of cows, stables for cows, dairies, milk, and sale of milk within the city, provided, among other

things: that every person desiring to engage in the business should make written application to the health officer, setting forth numerous data concerning the character and location of the business; that if upon investigation the location and equipment should be found in a sanitary condition and fit for the uses for which they were intended, the health officer should register the applicant, and issue a permit authorizing him to carry on the business at the place designated in the application; that "All permits granted pursuant to this ordinance may at any time be revoked by the health officer, subject to the approval of the board of sanitary commissioners, for the repeated or willful violation of any law or ordinance, or any regulation of the health officer governing the sale of milk in the City of Savannah; provided, however, that no such permit shall, at any time, be revoked by the health officer unless he shall first have given the holder of the same not less than ten days' notice in writing of his intention to revoke such permit, and an opportunity to be heard by the board of sanitary commissioners as to why such should not be done, this proviso not to be taken to apply to cases where the sale of milk or cream may be temporarily prohibited by the health officer because of disease on the premises, temporary insanitary condition, or similar causes." Under these provisions of the ordinance, permits were granted to certain persons to keep cows in certain sections of the city; and after they had incurred expense in preparing equipment for the maintenance of the cows under the permits so granted, the mayor and aldermen amended the ordinance by providing: "That the health officer of the City of Savannah, with the consent and approval of the board of sanitary commissioners, may prohibit the keeping of cows in any section of the City of Savannah, where, because of congested population, the keeping of cows would impair the public health, and all permits to keep cows in said sections shall be revoked by the health officer; provided, the holder of a permit shall be given at least five (5) days' notice before his permit is so revoked." Under this amendment certain permits which had theretofore been granted were revoked, and the licensees instituted an action to enjoin the enforcement against them of the ordinance as amended, and as ground for injunction urged that the amendment was void for various reasons which are indicated by the rulings hereinafter made. On the interlocutory hearing the judge refused the injunction, and the plaintiffs excepted. *Held:*

1. The amendment to the ordinance was a reasonable exercise of the police power, and was not violative of the following provisions of the constitution of this State: (*a*) art. 1, sec. 3, par. 2 (Civil Code, § 6389), that "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, shall be passed;" (*b*) art. 1, sec. 1, par. 3 (Civil Code, § 6359), that "No person shall be deprived of life, liberty, or property, except by due process of law;" (*c*) art. 3, sec. 7, par. 8 (Civil Code, § 6437), that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

2. Under the evidence, there was no abuse of discretion in refusing an injunction.       *Judgment affirmed. All the Justices concur.*

No. 82. ·FEBRUARY 12, 1918.

Petition for injunction. Before Judge Hammond. Chatham superior court. December 16, 1916.

*Shelby Myrick,* for plaintiffs.

*Robert J. Travis* and *David S. Atkinson,* for defendant.