## .DURDEN v. THE STATE.

1. .The act of 1925 (Acts 1925, p. 339), which prohibits dancing at any public place in Georgia on the Lord's day, commonly known as Sunday, is not violative of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia (Civil Code of 1910, § 6437·), which provides that "no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

2. The ground of the demurrer as set out in the second division of the opinion is without merit.

3. The court did not err in overruling the demurrer to the accusation.

No. 5077. JANUARY 13, 1926.

Violating Sunday-dancing law. Before Judge Rourke. City court of Savannah. August 28, 1925.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* and *S. B. Adams,* contra.

HILL, J. The legislature of Georgia passed an act which was approved August 8, 1925, and is as follows:

"An act to prohibit dancing at any public place in Georgia on the Lord's day, commonly known as Sunday.

Sec. 1. Be it enacted by the General Assembly of the State of Georgia, that dancing at any public place in the State of Georgia, on the Lord's day, commonly known as Sunday, be and the same is hereby prohibited.

Sec. 2. Be it further enacted, that the owner, proprietor, manager, agent, lessee, or tenant of any public place in Georgia, who shall permit dancing at such public place on the Lord's day, commonly known as Sunday, shall be guilty of a misdemeanor, and, upon conviction, shall be punishable under the terms and provisions of § 1065 of the Penal Code of Georgia.

Sec. 3. Be it further enacted, that all laws and parts of laws in conflict with this act be and the same are hereby repealed."

W. D. Durden was accused in six counts, as the owner, proprietor, manager, lessee, agent, or tenant of the Durden-Powell Pavilion, a public place upon the island of Tybee, of permitting dancing upon such pavilion on Sunday, August 9, 1925, in violation of the act above set out. To this accusation the defendant filed his demurrer on the following grounds:

Criminal Law 16 C. J. p. 76, n. 1.
Statutes 36 Cyc. pp. 1023, n. 2; 1032, n. 36.
Sunday 37 Cyc. pp. 542, n. 33; 578, n. 34.

"1.   That said accusation does not charge said Wm. D. Durden with any offense against the laws of the State of Georgia. 2. That said accusation, and each and every count thereof, being based upon the act of the General Assembly of Georgia, approved by the Governor of the State of Georgia upon the 8th day of August, 1925, charges no offense against the laws of the State of Georgia, the said act being unconstitutional, null and void, for the following reasons: (a) that said act is violative of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia, as codified in § 6437 of 1910 Code of the State of Georgia, as follows: 'No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof;' (b) that section 2 of said act is in violation of art. 3, sec. 7, par. 8, of the constitution of the State of Georgia, as codified in § 6437 of 1910 Code of Georgia, in that said section contains matter different from that expressed in the title of said act; the language of the caption being [as set out above], and shows that this language does not indicate any purpose to make the owner, agent, or lessee, etc., of such place guilty of a State offense; and that the second section of said act contains matter different from that expressed in the title thereof; (c) that said act in question is further null and void as being violative of the definition of a misdemeanor as contained in § 31 of the Penal Code of Georgia, as follows: 'A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence,' and shows that the permission of the owner, proprietor, manager, etc., of a public place for dancing as set forth in section 2 of said act, does not constitute a 'union or joint operation of act and intention,' and therefore not a misdemeanor."

The court overruled the demurrer, and the defendant excepted.

We are of the opinion that the court did not err in overruling the demurrer on each and all of the grounds thereof.   This act refers to but one subject-matter, viz., the prohibiting of dancing at a public place on the Lord's day, commonly known as Sunday.   There is no reference in the caption or in the body of the act to any other subject except the prevention of dancing at a public place on the Lord's day, commonly known as Sunday.   See *Welborne* v. *State,* 114 *Ga.* 794 (6), 820 (40 S. E. 857).

In *Stanley* v. *State,* 135 *Ga.* 859, 864 (70 S. E. 591), it was held:

"The act of the General Assembly, approved August 2, 1907 (Acts 1907, p. 121), entitled 'an act to provide against the evils resulting from the traffic in certain naracotic drugs, and to regulate the sale thereof,' is not unconstitutional on the ground that it violates that portion of art. 3, sec. 7, par. 8, of the constitution of this State, which provides that 'no law or ordinance shall pass which refers to more than one subject-matter,' because said act refers to more than one subject-matter, in this, that its object, as stated in the title thereof, is to provide against the evils resulting from the traffic in certain narcotic drugs and to regulate the sale thereof, and in addition to said object said act seeks to prohibit the prescribing of certain narcotic drugs by practitioners of medicine, dentistry, or veterinary medicine, and to regulate the prescribing of said drugs by practitioners of dentistry and lawfully authorized practitioners of medicine in certain cases. . . Nor is such act unconstitutional on the ground that it violates that portion of the paragraph of the constitution above referred to, which provides that no law 'shall pass which . . contains matter different from what is expressed in the title thereof,' because 'said act contains in the body matter different from what is embraced in the title thereof, in that the title of the act contains nothing indicating a purpose to make penal the sale or prescription of the narcotic drugs named in said act, or to prescribe a punishment therefor.' " In delivering the opinion of the court Mr. Justice Holden said: "The law makes penal the act of any person furnishing or prescribing the drugs referred to therein, in violation of the provisions of the act. Whether the matter contained in the act is germane to the purposes of the act as indicated in its title must be determined in view of the subject-matter to which the legislation relates. The purpose of the act, as shown in the title, was 'to provide against the evils resulting from the traffic in certain narcotic drugs,' and 'to regulate the sale' of such drugs; and provision for punishment for a violation of the provisions of the act regulating the sale and providing against the evils of the traffic in the drugs did not contain matter foreign to such purpose. It would be difficult to obtain any practical results in regulating the sale of poisonous drugs without providing for punishment of those violating the rules laid down for such regulation. Without provision for punishment in some way the provisions for regulation would be no more than recommenda-

tions to the public. The penalties provided in the act for a violation of the rules for a regulation of the sale are merely the means for accomplishing the object of. regulation. Punishment for a violation of the provisions of the act relating to the sale of or traffic in the drugs, and relating to the giving of prescriptions or orders for the drugs, is embraced in the general object of the legislation of which the title gave notice, this general object being to regulate the sale and provide against the evils resulting from the traffic without proper restrictions. The fact that a violation of the provisions for regulation of the sale and prescribing of the drugs is to be made penal need not be stated in the title, to make such provisions in the act, or the act itself, valid as against the contention that the act contains matter different from that expressed in the title, as the penalties for violating the rules laid down for regulation are mere incidents of the regulation, and constitute parts of the plan for regulation laid down in the act. *Morris* v. *State,* 117 *Ga.* 1-3 (43 S. E. 368) ; *Plumb* v. *Christie,* 103 *Ga.* 687 (8), 701 (30 S. E. 759, 42 L. R. A. 181) ; *Howell* v. *State,* 71 *Ga.* 224 (51 Am. R. 259) ; *Welborne* v. *State,* 114 *Ga.* 793, 818 (40 S. E. 857) ; *Whitley* v. *State,* 134 *Ga.* 758 (68 S. E. 716) ; *Macon Ry. Co.* v. *Gibson,* 85 *Ga.* 1 (11 S. E. 442, 21 Am. St. R. 135) ; Hronek *v.* Illinois, [134 Ill. 139 (24 N. E. 861, 8 L. R. A. 837, 23 Am. St. R. 652) ] ; Ex Parte Yung Jon, [28 Fed. 308] ; State *v.* Bernheim, 19 Mont. 512 (49 Pac. 441) ; 1 Lewis' Sutherland, Stat. Con. (2d ed.) § 136 ; 36 Cyc. 1023."

It will be observed, that, by the first section of the act under review, dancing is prohibited at any public place on the Lord's day, commonly known as Sunday, and that by the second section of the act any owner, proprietor, etc., of any public place who "shall permit dancing at said public place on the Lord's day, commonly known as Sunday, shall be guilty of a misdemeanor, and, upon conviction, shall be punishable under the terms and provisions of § 1065 of the Penal Code of Georgia." We are of the opinion that an act providing punishment for one in control of a public place, for permitting dancing there, is within the purpose expressed in the caption of the act "to prohibit dancing," etc. If, therefore, the section of the act which prohibits dancing can be enforced, then it follows that the punishment for such violation of the act can also be enforced. The legislature might have provided for punishing

dancers in their discretion; but that is a matter for the legislature, and not this court. The legislature evidently thought that the punishment for the violation of the law, as enacted, would be sufficient, and that it would accomplish the purpose of the act, and prevent dancing at a public place on the Lord's day, commonly known as Sunday.

The contention of the plaintiff in error that the caption of the act does not refer in terms to the penal clause is immaterial. *James v. State,* 124 *Ga.* 72, 74 (52 S. E. 295); *Stanley* v. *State,* 135 *Ga.* 859 (2), 864 (70 S. E. 591). Nor would the omission of the words "and for other purposes," which are sometimes used in the caption of an act, render the second section of the act null and void. In the present case such words are not only unnecessary, but it would be illogical to use such words. The only purpose expressed in the caption of the act is "to prohibit dancing at any public place in Georgia on the Lord's day, commonly known as Sunday;" and to carry out the purpose of that intention, which is sufficient to put everybody on notice, the legislature provided a penalty in the second section of the act; and we are of the opinion that the addition of the words "and for other purposes" would be unnecessary and meaningless, because there was no other purpose expressed by the legislature than to prohibit dancing, and the punishing of any person who as owner, proprietor, etc., should permit dancing at such a place as named in the act. See, in this connection, *Sessions* v. *State,* 115 *Ga.* 18, 22 (41 S. E. 259).

In *Nolan* v. *Central Georgia Power Co.,* 134 *Ga.* 201, 205. (67 S. E. 656), after holding that the act of December 7, 1897, under review in that case, was not unconstitutional, for the reason that the act contained matter in the body of the act different from what is expressed in the title, this court, through Mr. Justice Beck, said: "So construed, is the act unconstitutional as containing matter not covered by its title? 'It is not essential that the title to the act should recite in minute detail all of its provisions; otherwise the act itself would be but a copy of the title.' *Banks* v. *State,* 124 *Ga.* 16 [52 S. E. 74, 2 L. R. A. (N. S.) 1007]. 'A substantial, not a literal, conformity of a law to its title is required by the constitution.' *Macon & Birmingham R. Co.* v. *Gibson,* 85 *Ga.* 1 [11 S. E. 442, 21 Am. St. R. 135]. 'This correspondence is to be determined in view of the subject-matter to which the legis-

lation relates.' Id. 20. See also *Hope* v. *Gainesville,* 72 *Ga.* 246; *Carroll* v. *Wright,* 131 *Ga.* 728-45 [63 S. E. 260]. The words 'and for other purposes' are very frequently added at the end of the title of a legislative act, but they are not a sine qua non. Even without them it is substantial, not literal, compliance which is required. *James* v. *State,* 124 *Ga.* 72 [52 S. E. 295]."

Tested by the foregoing rule we are of the opinion that in the instant case the omission of the words "and for other purposes," in the caption of the act under review, is immaterial.

2. The demurrer to the accusation in the present case also raises the question as to whether the act of 1925, under consideration, is in violation of the Penal Code of 1910, § 31, which provides that "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." This contention is without merit. As was said in the case of *Loeb* v. *State,* 75 *Ga.* 258, Mr. Justice Hall speaking for the court: "It is insisted that such a construction ignores the essential elements that go to make up the definition of a crime or offense, viz., the union or joint operation of act and intention in its commission, or criminal negligence. Code [1882], § 4292. That such is generally a correct definition will not be denied; but that is not the question before us, which, accurately stated, is, has the legislature done away with, or modified to any extent, the application of the principle to this particular case—not whether it has the authority so to do. No one will contend that it has not such authority. There is nothing in the fundamental law that forbids or restrains the exercise of such power. The enactment in hand is by no means exceptional or singular in this respect. There are other instances to be found in our code where proprietors and others in authority are held criminally liable for the acts or negligence of those in their employment, or acting under them; as, for instance, in the running of freight-trains on railways on Sunday, the superintendent of transportation of the company, or the officer having charge of the business of transportation of the railroad, is made liable to indictment, and on the trial it need not be proved who are the persons in charge of the train, but the simple fact of the trains being run on that day shall be sufficient to sustain the indictment and fix the guilt of the defendant. It is expressly provided that

the defendant may justify himself by proof that such employees acted in direct violation of his rules and orders. Code [1882], § 4578. It is not without significance that the act prohibiting the sale of liquor to minors contains no such provisions."

                *Judgment affirmed. All the Justices concur.*