### LEONTAS *et al. v.* WALKER, Governor.

1. The ordinance regulating sales of milk and prohibiting sales of impure milk in the City of Savannah involves but one subject-matter, and is not violative of the constitution of the State.
2. The indictment was not void or subject to demurrer as failing to allege a penal offense.
3. On forfeiture of recognizance it was not error to make the rule absolute.

No. 6120.   APRIL 16, 1928.

Forfeiture of recognizance.   Before Judge Meldrim.   Chatham superior court.   April 30, 1927.

The grand jury of Chatham County returned an indictment against M. Leontas, charging him with the offense of involuntary manslaughter, in the following language: "For that the said M. Leontas in the County of Chatham and State of Georgia aforesaid, on the 22nd day of February, in the year of our Lord one thousand, nine hundred and twenty-six (1926), with force and arms, did unlawfully kill one Arling Tootle, a human being in the peace of God and said State then and there being, without any intention to do so, but in the commission of an unlawful act, that is to say, while engaged in the commission of an unlawful act, to wit, the unlawful act of then and there violating a certain municipal ordinance of the City of Savannah passed in pursuance of legislative authority, to wit, in pursuance of the authority granted by the General Assembly of the State of Georgia in section 4846 of the Code of the State of Georgia of 1882, to wit, an ordinance made, ordained, and established by the Mayor and Aldermen of the City of Savannah on the 20th day of October, 1909, and being then and there an ordinance appearing to the said mayor and aldermen requisite and necessary for the security, welfare, and convenience of the said City of Savannah and its inhabitants, and for preserving health, peace, and good government within the limits of the same, and said ordinance being as follows, to wit:

'The health officer shall have power to adopt such regulations

as he may deem proper and necessary to insure all milk and cream intended for consumption in the City of Savannah, being produced, transported, stored, kept, distributed, retailed, and delivered, under conditions rendering them suitable for consumption as human food, and to compel perfect hygienic and sanitary conditions of all cow-stables, creameries, and dairies from which milk and cream so intended for consumption in the City of Savannah are produced; copies of the same to be printed and kept for free distribution to the public; and said health officer shall have the power to prohibit the sale within the corporate limits of the City of Savannah of milk or cream produced, transported, stored, kept, distributed, retailed, or delivered contrary to such regulations, whether said milk or cream be produced within or without the corporate limits of the City of Savannah; and to the end that said regulation may be enforced in the case of milk or cream produced outside the corporate limits of the City of Savannah, but intended for consumption therein, said health officer may require such of the city milk inspectors as he may designate for the purpose to make inspections, at such intervals and times as he may deem expedient, of all dairy-farms, stables, and other places outside the City of Savannah from which milk or cream is shipped for consumption into the City of Savannah. In case full access to such premises, or a full opportunity to investigate all the conditions under which milk is there produced or kept, shall be denied said inspectors, or in case upon such inspection the conditions are found such as in the opinion of said health officer render such milk or cream unsuitable or unsafe for human food, and warrant the exclusion of said milk or cream from sale in the City of Savannah, said health officer shall have power to absolutely prohibit the sale thereof, at any place in the City of Savannah, until such time as the reason for their exclusion shall, in his opinion, have ceased; and he shall adopt such means of identifying such milk or cream as to him may seem proper and expedient. In case of the exclusion of any milk or cream as aforesaid from sale within the City of Savannah, said health officer shall immediately make a record of such fact in a properly indexed book kept for that purpose, said book to be open to the inspection of all vendors of milk who may desire to inspect the same. The action of the health officer hereunder to be subject to the approval of the Sanitary

Board.' Said ordinance being contained in section 1239 of the Code of the City of Savannah, adopted July 3, 1918, by the Mayor and Aldermen of the City of Savannah, and said code having been prepared by David S. Atkinson, assistant city attorney of and for the City of Savannah, by authority of the Mayor and Aldermen of the City of Savannah, said section 1239 of said code being as follows, to wit: ' 1239. Penalty. The violation of any of the provisions or any of the rules or regulations of this chapter, or any failure to comply with the law, or the refusal or failure to comply with any direction or order of the health officer, issued hereunder, shall subject the guilty party, upon conviction before the police court of the City of Savannah, to a fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, either or both, in the discretion of the court; and each day's failure or neglect to comply shall be held and deemed to be a separate and distinct offense and punishable accordingly.'

"And said ordinance as hereinbefore set forth having been made, ordained, and established by the mayor and aldermen aforesaid, and being contained in section 1204 of said Code of the City of Savannah, and said ordinance having been violated by the said defendant in the following manner and way, to wit, by the said defendant then and there selling to Gustav A. Walz and William L. Walz, copartners, doing business as Walz Brothers, certain milk, to wit 18 gallons of milk, the sale of which said milk had been absolutely prohibited in all places in the City of Savannah by the said health officer, because, upon inspection of the dairy of the said M. Leontas, which said dairy was then and there situated about 5 miles from the city hall, on the White Bluff road, conditions were found such as in the opinion of the said health officer rendered such milk unsuitable and unsafe for human food, and warranted the exclusion of said milk for sale in the City of Savannah, and said health officer having, under the authority granted him in section 1204 of said Atkinson's Code of the City of Savannah, absolutely prohibited the sale thereof at all places in the City of Savannah, said conditions being that the milk from said dairy had caused acute intestinal poisoning in three persons, to wit, one Charlie Stevens, one Lucille M. Stevens, and one Samuel Macon, in the City of Savannah; and said ordinance having then and there the force of law and being then and there a valid law

of this State, and said ordinance not then and there violating the constitution of this State or of the United States, or the laws of the land, and as a result of said violation by the said defendant of said ordinance in the manner and way set forth said Arling Tootle did then and there die, the said Arling Tootle having, on the 22nd day of February, 1926, in the County of Chatham and State of Georgia, aforesaid, purchased from one George Christodoulon, who was then and there the proprietor of a certain place of business in the City of Savannah, said place of business being situated at No. 18 President Street West, a certain bottle of chocolate milk, which bottle of chocolate milk had been prepared and put up by said Gustav A. Walz and William L. Walz, copartners doing business as aforesaid, sold and delivered to the said George Christodoulon, who in turn sold and delivered the same to the said Arling Tootle, who then and there drank the same, to wit, the said chocolate milk containing therein said condemned milk, or milk the sale of which had been as aforesaid prohibited by said health officer, and as a result of the said Arling Tootle then and there drinking the said chocolate milk containing therein said condemned milk the said Arling Tootle did then and there die, said milk as aforesaid having been sold by said Walz Brothers to the said Christodoulon, who in turn sold and delivered the same to the said Tootle. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said M. Leontas him, the said Arling Tootle, in manner aforesaid unlawfully did kill, contrary to the laws of the said State, the good order, peace, and dignity thereof."

Leontas signed a bond as principal, and George Peters signed it as security, for the appearance of Leontas at the October term, 1926, of Chatham superior court, at which time the case was regularly assigned for trial, and Leontas and Peters were solemnly called to appear in court. Leontas failing to appear, and Peters failing to produce the body of Leontas, a rule nisi was issued, returnable to the March term, 1927, of Chatham superior court, calling upon the principal and security to show cause why said bond should not be forfeited. On March 7, 1927, Leontas and Peters filed answers to the rule nisi, alleging the following, in substance: Leontas remained in Savannah for months after the bond was given, and then went to Europe, and was in Europe

during the December term of court when said case was called for trial. Edmund H. Abrahams and Robert L. Colding, appeared in court to submit and argue a demurrer to the indictment; but the court would not permit them to be heard upon said demurrer, or to file the same, for the reason that Leontas, being absent, was not in court. The court ordered that the principal and the security be called, and afterwards the rule nisi was issued. Leontas avers that he was not called upon to appear in court in person until after it was determined that there was a valid indictment pending against him, and that he should not have been required to return from Europe until such time as an indictment meeting the requirements of law was preferred against him; and that the indictment was fatally defective for the reasons given in the demurrer that his counsel, being in open court, wanted to submit in his behalf, but was denied the privilege of so doing. The demurrer which counsel had in court would have given, as the reasons why said indictment was void and of no effect, the following:

(a) The indictment preferred against Leontas is null and void, for the reason that it is based upon a void city ordinance. The ordinance referred to in the indictment is repugnant to and in contravention of par. 8 of sec. 7 of art. 3 of the constitution of the State of Georgia (quoting it). The ordinance referred to was intended to provide for the regulation of the sale of milk, and it was attempted in the same ordinance to give authority to the health officer to absolutely prohibit the sale thereof.

(b) The alleged ordinance is unconstitutional, null and void, in that it purports to vest arbitrary discretion in a public officer, without prescribing a definite rule for his guidance.

(c) The municipal corporation, while having the authority to enact ordinances, is without authority to delegate legislative authority to any one individual or public officer such as the health officer of the City of Savannah, unless and until the action of said health officer shall have been approved by the sanitary board of the City of Savannah.

(d) There is no allegation in the indictment that the action of the health officer in condemning milk was approved by the sanitary board of the City of Savannah.

(e) There is no allegation in said indictment showing that the alleged exercise of discretion on the part of the health officer of

the City of Savannah was based upon an inspection made of the premises where the milk was produced, or that the exercise of said alleged discretion arose out of such inspection, or that the conditions revealed after such inspection were the basis of the opinion of the said health officer in exercising his alleged discretion in declaring the milk or cream unsuitable or unsafe for human consumption, or that said alleged prohibition of the sale of said milk was made after and as a result of such inspection or the result of conditions found to justify such opinion.

(f) Said alleged ordinance is vague, unreasonable, arbitrary, unenforceable, null and void, in that it attempts arbitrarily to vest in the hands of the health officer of the City of Savannah the absolute power to prohibit the sale of milk, without such authority being first approved by a governmental or legislative body.

(g) Because it fails to show that the said milk inspectors had inspected the conditions under which the milk referred to was produced or kept prior to the time of the alleged prohibition by the said alleged health officer.

(h) Because no facts are alleged or shown, connected with the conditions under which the milk of the defendant was produced or kept, which would justify or did justify the health officer in attempting to prohibit the sale thereof, and no allegations are made to show that the conditions under which said milk was kept or produced were unsanitary or would justify the formation of an opinion sufficient to condemn the milk as unsuitable or unsafe for human food, or warrant the exclusion of said milk for sale.

(i) Because said indictment fails to allege the time when and the place where the defendant sold to Gustav A. Walz and William L. Walz the eighteen gallons of milk referred to, and whether said sale occurred within or without the city limits of the City of Savannah.

(j) Because the allegation that "upon inspection of the dairy of the said M. Leontas, which said dairy was then and there situated about five miles from the city hall, on the White Bluff road, conditions were found such as in the opinion of said health officer rendered such milk unsuitable and unsafe for human food and warranted the exclusion of said milk from sale in the City of Savannah," etc., is a conclusion of the pleader, and fails to state by whom the inspection was made, and what conditions were found as the basis of the opinion claimed.

(k) Because the conditions attempted to be alleged as found are not the conditions contemplated or intended to be included under the terms of said ordinance, to wit, said conditions being that the milk in said dairy had caused acute intestinal poison in three persons, to wit, one Charlie Stevens, Lucille Stevens, and one Samuel Macon, in the City of Savannah, it not being alleged (1) when or at what time the acute intestinal poisoning occurred; (2) where or under what circumstances the milk was used by said named parties; (3) there is no relevancy shown to time and place of the alleged intestinal poisoning with the time and place of the alleged keeping or production of said milk by this defendant.

(l) It is nowhere alleged in said indictment, with any degree of certainty whatever, what caused the death of the said Arling Tootle, or that his death was caused by partaking of milk containing bacteria, or other poison the cause of infection, or that the milk which the said Arling Tootle was alleged to have partaken of was in fact poisoned, infected, unfit, or unsafe for human consumption, or that the drinking of said milk was the proximate cause of the death of said Tootle.

(m) It is not alleged or shown that the circumstances under which the milk was transformed into chocolate milk by the addition of chocolate were such that the addition of said chocolate in the preparation of said milk, and the vending of same in bottles, did not directly cause the death of the said Arling Tootle.

(n) It is not alleged or shown how long a time elapsed between the time when said milk was delivered by the defendant to the Walz Brothers and the time when consumed by said Tootle, nor the conditions under which said milk was kept during that period.

Respondent says that he was entitled to have this demurrer heard and considered before any steps were taken to forfeit his bond; that he now submits, as his reasons for failing to appear in court, the reasons averred herein, and which would have been made the basis of his demurrer. Peters, the security, made substantially the same answer.

The questions of law and fact arising under the rule nisi and the answers filed were submitted to the judge, who made the rule absolute. To that judgment the defendants excepted.

*Robert L. Colding* and *Lawrence & Abrahams,* for plaintiffs in error.

*Walter C. Hartridge, solicitor-general,* and *Julian Hartridge,* contra.

HILL, J. 1. It is declared in art. 3, sec. 7, par. 8, of the constitution of the State of Georgia (Civil Code, § 6437), that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Even if this provision is applicable to the passage of a municipal ordinance, the ordinance involved in this case is not violative thereof on the ground that its provisions relating to the "regulation" of the sale of milk and cream in the City of Savannah, and "prohibiting" the sale of such milk and cream, in the circumstances stated in the ordinance, constitute a plurality of subjects. The power to "regulate" the sale of milk includes the power to "prohibit" the sale of impure milk as referred to in the ordinance; so that in substance the ordinance only involves one subject-matter. See *Durden* v. *Stale,* 161 *Ga.* 537, 540 (131 S. E. 496), and cit. The exact question ruled above was not involved in the case of *Davis* v. *Savannah,* 147 *Ga.* 605 (95 S. E. 7); but it was held in that case that an amendment to the ordinance referred to above was not violative of the foregoing provision of the constitution on the ground that it referred to more than one subject-matter.

2. Under former rulings of this court, if an indictment is void, or subject to general demurrer on the ground that it fails to allege that the defendant has committed a penal offense, such insufficiency may be set up as a defense to a proceeding to forfeit a bond given by the defendant for his appearance in court to answer the charge against him. *Candler* v. *Kirksey,* 113 *Ga.* 309 (38 S. E. 825, 84 Am. St. R. 247); *State* v. *Woodley,* 25 *Ga.* 235; *McDaniel* v. *Campbell,* 78 *Ga.* 188; *Rogers* v. *Brown,* 138 *Ga.* 750 (75 S. E. 1130). The indictment in this case, however, was not void, or subject to general demurrer for any of the reasons alleged in the answer of the respondents to the application to declare a forfeiture of the bond.

3. The judge did not err, under the facts of the case, in making absolute the rule to forfeit the recognizance.

　　　　　　*Judgment affirmed. All the Justices concur.*