## 54513. BARANAN v. STATE BOARD OF NURSING HOME ADMINISTRATORS et al.

DEEN, Presiding Judge.

Appellant filed a petition in the Superior Court of Fulton County seeking a declaratory judgment that certain portions of Ch. 393-5, amended, of the rules of the Georgia State Board of Nursing Home Administrators be declared unconstitutional and void, and prayed that the board be permanently enjoined from enforcing them. The trial court found the rules to be constitutional and granted appellee's motion for summary judgment. This order was appealed to the Supreme Court which held that "[t]he only substantive issue on appeal related to the constitutionality of the above rules. . . [and it] is a legal question over which the Court of Appeals has appellate jurisdiction." *Baranan v. State Bd. of Nursing Home Admrs.,* 239 Ga. 122, 123 (236 SE2d 71).

1. In his first and second enumerations of error, appellant complains that he has been denied due process under the U. S. Constitution, Amend. V (Code § 1-805) and U. S. Constitution, Amend. XIV (Code § 1-815) and Ga. Constitution, Art. I, Sec. I, Par. III (Code § 2-103), by virtue of the operation of Rule 393-5-.01, which requires continuing education in order to receive license renewal as a nursing home administrator. He further claims that the scope of the rule exceeds the enabling legislation. We disagree with all of these contentions. Any property interest incident to appellant's occupation is defined and limited by the statutes and rules regulating this profession. See Board of Regents v. Roth, 408 U. S. 564.

The occupation of nursing home administrator has been regulated by the General Assembly because it is the sort of business which is so closely related to the public interest. See Williamson v. Lee Optical of Okla., 348 U. S. 483; Dent v. West Virginia, 129 U. S. 114. The right to practice any profession or occupation is necessarily a valuable right and is entitled to constitutional protection. "But the State in the exercise of the inherent police power of the sovereign may place such restrictions on a licensee as may be necessary for the welfare and safety of society." *Hughes v. State Bd. of Medical Examiners,* 162 Ga. 246, 247 (a) (134 SE 42). Clearly, the state has the right to place restrictions upon appellant and to permit the board to make administrative rules regulating his occupation. The only question, therefore, is whether the rules enacted by the board violate appellant's constitutional rights by exceeding the scope of the enabling legislation.

The test of the validity of an administrative rule is (1) Is it authorized by the statute, and (2) is it reasonable? *Eason v. Morrison,* 181 Ga. 322 (1) (182 SE 163). An examination of Code § 84-4908 (h) reveals that the board is authorized to "[a]dopt such rules and regulations as shall be reasonably necessary for the implementation and enforcement of the provisions of this Chapter. The board shall have the authority to establish, provide or approve various education programs or courses for nursing home administrators and to prescribe rules and regulations requiring applicants for licenses. . . to attend such programs . . . as a prerequisite to their being issued and license renewal." It is obvious that the board has the authority to establish the requisite number of course hours in order to obtain a license renewal and that attendance at such courses is mandatory. Rule 393-5-.01 does not per se violate appellant's due process rights nor does it exceed the scope of its enabling legislation. Therefore, the only question that remains is the reasonableness of the requirement that an applicant for license renewal must have attended forty hours of continuing education programs approved by the board during the biennial period immediately preceding his application for renewal. We hold that it is reasonable.

The test of reasonableness is the impact upon the

student and the public. *Ga. Real Estate Comm. v. Accelerated Courses in Real Estate,* 234 Ga. 30 (214 SE2d 495). The requirement of attending twenty hours of classes per year (or two and one-half days of eight-hour classes), and the fact that many of the courses are offered in the area in which the appellant lives and works is not unreasonable. Certainly any inconvenience or cost to appellant is outweighed by the resulting benefits to the public. Although an examination is not required after appellant takes a course, the lack of such a requirement does not mean that the public derives no benefit from appellant's attendance. The requirement that appellant must incur certain expenses and must involuntarily attend the courses does not discriminate against him in violation of his equal protection rights nor does it violate due process of law; all others similarly situated must bear similar burdens in order to obtain a license renewal. See *Sams v. Olah,* 225 Ga. 497 (169 SE2d 790); *Weiner v. Fulton County,* 113 Ga. App. 343 (148 SE2d 143).

2. Appellant's third enumeration of error asserts that the method by which members of the board are selected denies him an impartial tribunal and presents conflicts of interest for board members because of Rule 393-5-.01. The board is composed of six members who are nominated by various organizations and must include a physician, a nurse, an educator, two members at large, a hospital administrator and six members who are licensed nursing home administrators to be appointed from a list submitted by the board of directors of the Georgia Nursing Home Association, Inc. Code § 84-4902.

Appellant's assertion that he has been denied an impartial tribunal in violation of his constitutional due process and equal protection rights is not a justiciable issue. The board is not sitting as a tribunal upon any actions of the appellant, and he has not been accused of violating any of the rules established by it.

There is no evidence of a conflict of interest by the board members. Appellant is not denied equal protection because of the composition of the board; not all of the members of the board are in competition with him and those that are remain subject to the same rules regarding continuing education. His claim that the Georgia Nursing

Home Association (GNHA) submits nominations for board officials and that it furnishes approved courses creates a conflict of interest is without merit. There is no evidence that GNHA derives any profit from these courses or that sponsoring the courses affects their dues structure. All nursing homes in the state are eligible for membership in GNHA and appellant's employer could have a voice in this organization and help select nominees for vacancies on the board if he wishes.

3. Appellant's fourth enumeration of error is likewise without merit. Rule 393-5-.01 is not an ex post facto law. Prohibitions concerning ex post facto laws relate only to criminal matters. *Bailey v. State,* 210 Ga. 52 (77 SE2d 511). Nor is a change in the law which restricts or even removes a license previously granted a retroactive law in violation of Ga. Constitution Art. I, Sec. I, Par. II (Code § 2-302). See *Davis v. Mayor &c. of Savannah,* 147 Ga. 605 (95 SE 7).

4. Appellant's remaining enumerations of error are without merit.

The lower court did not err by granting appellee's motion for summary judgment and denying appellant's motion for summary judgment.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1977 — DECIDED OCTOBER 5, 1977 — REHEARING DENIED OCTOBER 19, 1977 —

*Thomas H. Antonion, Aaron Baranan,* for appellant.
*Arthur K. Bolton, Attorney General, J. Michael Walls, Assistant Attorney General,* for appellees.