43494. JACKSON v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS OF GEORGIA & STATE OF GEORGIA.
(347 SE2d 581)

WELTNER, Justice.

Jackson, a licensed medical doctor whose practice included the treatment of obese patients by prescribing amphetamines, sought a declaratory judgment that OCGA § 43-34-37 (a) (7) is unconstitutional, and that Rule 360-2-.09 (h) of the Composite State Board of Medical Examiners is invalid.

OCGA § 43-34-37 (a) (7) provides: "The board shall have authority to refuse to grant a license to an applicant or to discipline a physician licensed under this chapter or any antecedent law upon a finding by the board that the licensee or applicant has . . . [e]ngaged in any unprofessional, unethical, deceptive, or deleterious conduct or practice harmful to the public, which conduct or practice need not have

resulted in actual injury to any person. As used in this paragraph, the term 'unprofessional conduct' shall include any departure from, or failure to conform to, the minimal standards of acceptable and prevailing medical practice and shall also include, but not be limited to, the prescribing or use of drugs, treatment, or diagnostic procedures which are detrimental to the patient as determined by the minimal standards of acceptable and prevailing medical practice or by rule of the board. . . ."

Rule 360-2-.09 (h) defines as unprofessional conduct the prescribing, ordering, dispensing, administering, selling or giving certain amphetamines, designated as Schedule II Controlled Substances in OCGA Ch. 16-13, for any person with the exception of enumerated purposes. The treatment of obese persons is not one of such exceptions.

The trial court declared the statute constitutional and the rule valid. Jackson appeals.

1. Jackson contends that the trial court erred in finding that the statute and the rule constitute a permissible delegation of legislative authority. The General Assembly has directed that the Medical Board "develop and adopt appropriate rules and regulations relating to the abuse of amphetamines and amphetamine-like drugs." Ga. Laws 1983, p. 590. The statute authorizes the Medical Board to define "unprofessional conduct" and "minimal standards of acceptable and prevailing practice," for the purpose of carrying out its disciplinary function. "[I]t has long been recognized that the General Assembly is empowered to enact laws of general application and then delegate to administrative officers or agencies the authority to make rules and regulations necessary to effectuate such laws." *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734, 737 (3) (285 SE2d 913) (1982). There is no error.

2. Jackson alleges that the trial court erred in finding that the rule does not violate his federal constitutional right to equal protection. He claims that the rule discriminates against those medical doctors prescribing amphetamines for obesity while allowing others to prescribe amphetamines for the excepted purposes. The record establishes a reasonable basis for this classification, and there is no denial of equal protection. *Del-Cook*, supra, 248 Ga. at 742 (7) (b).

3. Jackson alleges that the trial court erred in finding that the rule does not violate his federal constitutional right to due process. He claims that his medical license is a property right, which entitles him to due process before that right is impaired. Yet, he makes no contention that the Medical Board failed to comply with the procedural requirements for the adoption of an administrative rule pursuant to the Administrative Procedures Act, OCGA Ch. 50-13. There is no due process violation, procedural or substantive. See *Baranan v.*

*State Bd. of Nursing Home Administrators*, 143 Ga. App. 605 (1) (239 SE2d 533) (1977).

4. Jackson alleges error in the trial court's finding that the statute and the rule are not unconstitutionally vague. The statute provides for disciplinary measures for unprofessional conduct, which is to be specified by rule. The rule limits its application to certain types of amphetamines and certain uses, and contains a waiver provision for particular treatment situations that are not specifically delineated. The statute and the rule are not vague. Nor are they unconstitutionally overbroad, as contended.

5. Jackson contends that the trial court erred in finding that the title of OCGA § 43-34-37 (a) (7) gives sufficient notice of its content pursuant to Art. III, Sec. V, Par. III of the Georgia Constitution of 1983, which states: "No bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof." The title of the statute reads: "Authority to refuse license or discipline physician; enforcement investigations generally." The title is descriptive generally of the purposes of the statute and is therefore sufficient. See *Ladson v. State*, 248 Ga. 470, 471 (1) (285 SE2d 508) (1981).

6. Jackson contends that the rule does not comply with the statutory delegation because the Medical Board had no proof that the prohibited practices were harmful to the public. The statute specifically states that the practice "need not have resulted in actual injury to any person" to be considered unprofessional. Although the trial court did not decide this issue, it found that the Medical Board had considered a variety of materials concerning the problem of amphetamine abuse. There is no error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 3, 1986.

*Spaulding & Coleman, Benjamin W. Spaulding, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Ray O. Lerer, Assistant Attorney General,* for appellee.

