19949. CRAWLEY *et al. v.* SEIGNIOUS.

CANDLER, Justice. By an act which was approved on February 17, 1956, the legislature created a board known as the State

Board of Dispensing Opticians, vesting power in its five members, as therein provided, to enforce its provisions. Ga. L. 1956, p. 148.. The act defines a dispensing optician "as one who prepares and dispenses lenses, spectacles, eye glasses and optical devices to the intended user thereof on the written prescription of a physician or optometrist, duly licensed to practice his profession." By section 3 of the act any person who desires to practice the trade of a dispensing optician must apply to the board for a license, possess the qualifications prescribed by the act, successfully pass an examination which the board is authorized to conduct, and pay a fee of $25 for his license. However, under section 8 any resident of Georgia who was practicing the trade of a dispensing optician when the act was approved is entitled to a license, without examination, on application therefor and on proof of such practice when his application and such proof is submitted to the board within six months after the approval date of the act and on payment of the required fee of $25. The act empowers the board to establish a code of ethics and standards of practice for dispensing opticians and to adopt such other rules and regulations governing procedure as may be necessary and proper to carry into effect the purposes of the act. Among others, the board adopted Rule 13 which reads: "No individual, firm or corporation shall engage in the business of [a] dispensing optician who is engaged in the manufacture or wholesale distribution to dispensing opticians or optometrists of lenses, frames, optical supplies, optometric appliances or devices or kindred products." On June 18, 1956, Richard C. Seignious filed with the board his verified application for a license to carry on his trade or occupation of a dispensing optician, using the form prescribed by the board for such purpose. It shows that he was born on February 18, 1918; that he is a resident of Georgia and has been since the date of his birth; that he is a self-employed dispensing optician and was such on February 17, 1956, with his place of business in the City of Atlanta; and that he has engaged in the trade or occupation of a dispensing optician continuously since 1949. The board denied his application and returned to him the $25 which he had deposited as a license fee, on the ground that he was not engaged in the trade or occupation of a dispensing optician within the meaning of the act and the rules and regulations

which it had adopted, but on the contrary was engaged in the business of a wholesale optical dispenser. Alleging the facts stated above, Seignious brought mandamus against the members of the board and prayed for a judgment compelling them to issue to him the license he had applied for. The defendants demurred to the petition and also answered it. By agreement, the issues in the case were submitted to the judge for determination without the intervention of a jury. Without dispute, the evidence shows that the plaintiff, a resident of Georgia, was at the time of the passage and approval of the act under which he applied for his license personally engaged in and practicing the trade or occupation of a dispensing optician in the City of Atlanta; and that he was also at that time dispensing optical products on a wholesale basis, about 5% of his business being that of a dispensing optician as defined by the act of 1956, and the remaining 95% of the business conducted by him being that of preparing and dispensing optical products on a wholesale basis. Mandamus absolute as prayed for by the plaintiff was granted by the court and the exception is to that judgment. *Held:*

It is clearly apparent from the record that the plaintiff's application for a license was denied by the board on the ground and for the reason that he was not exclusively engaged in the trade or occupation of a dispensing optician on the day the act of 1956 was approved, but at that time was engaged partly in the business of a dispensing optician and partly in the wholesale business of preparing and dispensing optical products. From the evidence and his construction of the act involved, the trial judge found and concluded that the plaintiff's application for a license should not have been denied by the board; and he accordingly, granted the plaintiff's prayer for mandamus absolute. His judgment is correct and should be affirmed unless the board was authorized to adopt its Rule 13, which we have quoted in our statement of the case; and since a determination of the validity of that rule will be decisive in this case, we will proceed at once to consider its validity. By the Constitution of this State all law-making power is lodged in the legislative department and it is not permitted to relieve itself of such power by a delegation of it to any person, instrumentality, or board. *Bohannon* v. *Duncan*, 185 *Ga.* 840 (196 S. E. 897). But after a legislative enactment has plainly set forth its provisions and marked its

limits, it may then authorize designated administrative officers to promulgate rules and regulations within the scope of the legislation to administer fully and give effect to it. *New Amsterdam Casualty Co.* v. *McFarley,* 191 *Ga.* 334 (12 S. E. 2d 355) ; *Phillips* v. *City of Atlanta,* 210 *Ga.* 72 (77 S. E. 2d 723), and the cases there cited. The act of 1956 expressly declares that any resident of Georgia engaged in the trade or occupation of a dispensing optician on February 17, 1956 (the day the act was approved) is, without any examination, entitled to a license to continue in the practice of such trade or occupation, on timely and proper application therefor and on payment of the prescribed license fee; and there is nothing in the act which authorizes the board by rule or regulation to limit or defeat such right as its Rule 13 undertakes to do. Hence, the judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1958—DECIDED FEBRUARY 7, 1958.

*Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General, Frank S. Twitty, Special Deputy Attorney-General,* for plaintiffs in error.

*Ben J. Camp, A. Tate Conyers,* contra.

*Judgment affirmed. All the Justices concur.*