20893. GARTRELL v. McGAHEE *et al.*

CANDLER, Justice. An act approved February 4, 1952 (Ga. L. 1952, p. 15), provides for financial assistance to persons residing in this State who meet certain prescribed eligibility requirements, including a medically demonstrable disability which is permanent and which renders such person incapable of performing any gainful occupation within his competence. Section 4 of the act provides that the State Department of Public Welfare shall supervise the administration of assistance to those who are eligible to receive it and to make such

rules and regulations and take such action as may be necessary or desirable in carrying into effect the provisions of the act. Section 5 provides that the several county departments of public welfare as created by the Public Welfare Act of 1937 shall administer its provisions subject to and in compliance with rules and regulations adopted by the State Department pursuant to the terms of the act. Section 7 provides that, when a county department receives an application for such assistance, an investigation shall be promptly made of the circumstances of the applicant in order to ascertain the facts supporting his application, and in order to obtain such other information as may be required by the rules and regulations of the State Department. And Section 8 of the Act is as follows: "Upon the completion of such investigation the county department shall decide whether the applicant is eligible for assistance under the provisions of this act, and determine in accordance with the rules and regulations of the State Department the amount of such assistance and the date on which such assistance shall begin. The county department shall notify the applicant in writing of its decision." During 1958, Lillie Gartrell filed an application with the Department of Public Welfare of McDuffie County for the assistance which the act provides for, showing by her application that she was entitled to receive assistance under the eligibility requirements of the act. Her application was denied, and she brought mandamus against the members of the County Department in their representative capacities. The petition for the writ alleges that the defendants failed to make any inquiry or hear any evidence as to her eligibility for such assistance, and failed to decide the merits of her application, but undertook to delegate their authority and power in the premises to others, accepted their decision respecting her disability status, and instructed the director of such County Department to notify her that her application had been denied. It also alleges that it is the legal duty of the defendants to make a decision on her application and to decide whether she is or is not entitled to the assistance applied for, and there is a prayer that they be required to do so. An amendment to the petition alleges the infirmity which the petitioner claims rendered her totally and permanently incapable of performing any gainful occupation within her competence; that those persons to whom the defendants undertook to delegate their

authority and power in the premises were agents and employees of the State Department of Public Health and particularly the members of "The State Review Team"; and that such agents and employees are in fact the persons who actually acted on and denied her application. The defendants, in due time, answered each paragraph of the petition and denied the substantial allegations thereof. Paragraph 4 of their answer contains the following: "Further answering said paragraph [5], these defendants aver that after plaintiff's application was received by the McDuffie County Welfare Department, an investigation was promptly made of the circumstances of the plaintiff in order to ascertain the facts supporting the application, and upon completion of such investigation, these defendants, acting in their representative capacities as members of the Department of Public Welfare of McDuffie County, Georgia, in accordance with the rules and regulations of the State Department of Public Welfare, determined, at a regular meeting of said Board held on the 25th day of September, 1958, that plaintiff was not eligible to receive financial assistance and thereafter notified her in writing of its decision." The defendants later amended this paragraph by attaching thereto a complete copy of the rules and regulations of the State Department and by reference thereto made them a part of such paragraph.

The plaintiff interposed a demurrer to paragraph 4 of the answer as amended, which questions the authority of the State Department to adopt its Rule 5 and particularly that part of it which provides: "Upon completion of review of Forms DPW 181-1 and 181-2 by the State Review Team, the County Department shall be notified of the decision made with respect to permanent and total disability through the medium of Form DPW 181-3, Report on Decision as to Permanent and Total Disability. Upon receipt of Form DPW 181-3, the County Department shall act in accordance with the decision prescribed thereon." The demurrer questions the validity of Rule 5, on the ground that it is contrary to, inconsistent with, and not in accord with that part of section 8 of the act which declares that the county department shall decide whether the applicant is eligible for assistance under the provisions of the act. The demurrer was overruled, and on the plaintiff's election not to offer any evidence the court dismissed her petition for want of prosecution and denied a

mandamus absolute. The plaintiff excepted to the overruling of her demurrer and to the final judgment. *Held:*

1. By the Constitution of this State, all law-making power is lodged in the legislative department, and it is not permitted to relieve itself of such power by delegating it to any person, instrumentality, or board. *Bohannon* v. *Duncan,* 185 *Ga.* 840 (196 S. E. 897). But after a legislative enactment has plainly set forth its provisions and marked its limits, it may then authorize designated administrative officers to promulgate rules and regulations within the scope of the legislation to administer fully such enactment and give full effect to it. *Crawley* v. *Seignious,* 213 *Ga.* 810 (102 S. E. 2d 38), and citations. Section 4 (b) of the act here involved conferred power and authority on the State Department to make necessary rules and regulations for carrying into effect the provisions of the act, and section 5 (a) imposed on the several county welfare departments the responsibility of administering the act, subject to and in accordance with the rules and regulations prescribed by the State Department which are pursuant to and accord with the provisions of the act. By the plain terms of the act the legislature did not, and of course could not, confer on the State Department power or authority to promulgate any rule or regulation which conflicts with the provisions of the act or which tends to defeat them or any of them. It is crystal clear from the provisions of section 8 of the act that the county welfare department is required to pass on each application for assistance which the act provides for, and the rule-making power which the act confers on the State Department does not authorize it to pass any rule or regulation which vests others with power or authority to decide a pending application for assistance or any one of the several eligibility requirements for such assistance. And since the demurrer attacks Rule 5 of the State Department as being unauthorized and repugnant to the provisions of the act of 1952, we hold that the trial judge erred in overruling the plaintiff's demurrer which thus attacked the validity and effectiveness of such rule.

2. Since the court erred in its ruling on the plaintiff's demurrer, and this ruling entered into and controlled further action to be taken in the cause, we hold that the final judgment is likewise erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 9, 1960—DECIDED JUNE 9, 1960.

*Randall Evans, Jr.,* for plaintiff in error.
*Robert E. Knox,* contra.