### 24016. FORRESTER v. CITY OF GAINESVILLE.

MOBLEY, Justice. The appeal is from a judgment and decree denying an interlocutory injunction to the appellant, whose petition, as amended, sought to temporarily and permanently enjoin the City of Gainesville from discontinuing the furnishing of water and other services to described property of the appellant as is provided property owners in the city; and from the order finding the appellant in violation of Sections 26-19, 26-41 and 26-44 of the zoning ordinance of the City of Gainesville, that he is not entitled to an occupancy permit so long as violation of the zoning ordinance continues, and temporarily enjoining him from using and occupying the lot and premises until further order of the court.

The city filed an answer and cross action in which it alleged that the appellant was violating the three sections of the zoning ordinance, in that he was constructing an addition to his building which violated the provisions requiring a setback of a certain number of feet from the street, and prohibiting interference in certain detailed particulars with vision at an intersection, and that he has been, and is, occupying the building in violation of the ordinance requiring an occupancy permit, which he does not have and is not entitled to have because of his violation of the sections of the ordinance as to set-back and obstruction of vision. *Held:*

1. (a) After hearing evidence the court found that the property owner was in violation of the three sections of the ordinance, and the evidence clearly sustains this finding. The evidence shows that he proceeded with construction and enlargement of his building without a building permit, and in violation of the minimum set-back for side yard purposes and of the vision clearance required, all in violation of the zoning ordinance of the city.

(b) The trial judge also found that the evidence did not show such conduct on the part of the city as would estop it from enforcement of the ordinance. The evidence clearly supports that finding of the court. The appellant procured an application from the city for a permit to build, and paid a $2 fee for it. However, the repairs and additions were begun prior to the date of issuance of this receipt, and were continued after he was advised that this was not a permit. He is charged with knowledge of the law, and that a valid

permit was required before beginning construction. The evidence was sufficient to sustain the finding of the trial court that the representatives of the city at no time told the appellant that he had a permit authorizing him to begin and continue construction, or that he was not in violation of the sections of the ordinance involved.

(c) The court also found that the appellant would not be exempt from the ordinance because of the exception provided in the ordinance relating to changes in "supporting members of a building . . . as may be required for safety," as the evidence showed that the appellant was materially altering and enlarging his building and was not adding "supporting members . . . required for safety." The evidence supported this finding.

(d) Where the evidence at an interlocutory hearing to determine whether or not the lower court should grant or deny a temporary injunction is conflicting, it can not be 'said that the court abused its discretion in either granting or denying the injunction. *Code* § 55-108; *Franklin v. Sing-Wilkes, Inc.,* 215 Ga. 596, 597 (112 SE2d 618), and cases cited.

2. The court further found that the three sections of the ordinance are not subject to the complaint that they are invalid because they are unreasonable, arbitrary, capricious, confiscatory, and that the public interest in the enforcement of the provisions of the ordinance are insignificant compared with the great damage that will result to the property owner. We recognize that any municipal ordinance that is unreasonable will be held void (*Howden v. Mayor &c. of Savannah,* 172 Ga. 833 (159 SE 401); *Schofield v. Bishop,* 192 Ga. 732, 738 (16 SE2d 714); *Snow v. Johnston,* 197 Ga. 146, 160 (28 SE2d 270); *Humthlett v. Reeves,* 212 Ga. 8, 15 (90 SE2d 14)); also that an ordinance may be invalid where its purpose is not to protect the public health, safety, morals, or general welfare, and that an ordinance may in its general aspects be valid, and yet, as to a particular state of facts involving a particular parcel of real estate, be so clearly arbitrary and unreasonable as to result in confiscation, thereby justifying the interposition of a court of equity to restrain its enforcement. *Humthlett v. Reeves,* 212 Ga. 8, 15, supra. The facts in this case supported the finding of the trial court that the sections of the ordinance are not unreasonable, arbitrary, or invalid for any reason assigned.

3. The court did not err in finding that the appellant was in violation of the three sections of the zoning ordinance in question, that he was not entitled to a certificate of occupancy so long as violation of the ordinance continues, and in temporarily enjoining him from using and occupying the lot and premises until further order of the court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 12, 1967—DECIDED MAY 4, 1967.

*Palmour & Palmour, J. Ernest Palmour, Jr., James E. Palmour, III,* for appellant.

*Kenyon & Gunter, W. B. Gunter,* for appellee.