48192. O'NEAL v. GEORGIA REAL ESTATE COMMISSION.

EVANS, Judge. On November 3, 1970, J. W. O'Neal was notified that he was successful in passing the examination for a real estate broker's license. He was subsequently issued a broker's license, and thereafter the Georgia Real Estate Commission received applications from two real estate salesmen seeking to transfer to this broker's firm. Both salesmen were informed by the commission that it had adopted a rule requiring brokers to be full-time brokers in order to be eligible to have real estate salesmen work under such broker; and that the broker in question was a part-time broker, and hence ineligible to have the license of these real estate agents transferred to him.

O'Neal requested a hearing before the commission, in which hearing it was shown that he was a full-time employee as an airplane pilot. The commission ruled that O'Neal was a part-time broker and had thus violated its Rule 520-5-.11.

Thereupon, O'Neal brought a petition in the Superior Court of Fulton County, in which he sought a judicial review and declaratory judgment to declare the aforesaid rule null and void. The commission answered, denying the material allegations of the complaint and alleged further that it had adopted the rule pursuant to its authority to promulgate rules and regulations under Code Chapter 84-14, as amended, and under the Georgia

Administrative Procedure Act.

The rule in question was set forth fully in defendant's answer as follows: "520-5-.11. Part-Time Broker.—A duly licensed broker whose principal business is other than that of a real estate broker shall not be allowed or permitted to employ a real estate salesman or salesmen, and no license shall be issued to any salesman for or purporting to work for any such licensed broker."

*Held:*

By statute (Code Ann. § 84-1402; Ga. L. 1965, pp. 629, 631) real estate salesmen are entitled to employment by real estate brokers, which conversely means that real estate brokers are by law entitled to employ real estate salesmen. Where rights are conferred by the Constitution or by statutes, mere rules of administrative bodies cannot amend or repeal those constitutional or statutory rights. In *Turner v. Wilburn,* 206 Ga. 149 (a) (56 SE2d 285), it is held that one otherwise eligible to an office cannot be rendered ineligible without constitutional or statutory authority. Of course, this means that an administrative board is without power or authority to promulgate rules which would render such person ineligible to hold office.

In *Crawley v. Seignious,* 213 Ga. 810, 812 (102 SE2d 38), the Supreme Court of Georgia held: "By the Constitution of this State all law-making power is lodged in the legislative department and it is not permitted to relieve itself of such power by a delegation of it to any person, instrumentality, or board. *Bohannon v. Duncan,* 185 Ga. 840 (196 SE 897)."

In the *Crawley* case, supra, it was squarely held that the Board of Dispensing Opticians, absent statutory authority, was without power by mere rule or regulation to prevent an optician, who was a wholesale optical dispenser, from also practicing his profession as optician. This case is directly in point here, and is controlling as authority in this case. The Georgia Real Estate Commission was without authority to adopt the rule in question.

Chapter 84-14 of Code of Georgia, as amended, defines the position of broker, associate broker, and salesman, and thus sets forth the scope and limit of the legislation as to the authority of the commission to adopt rules and regulations. The commission had no authority to create the position of "Part-Time Broker," or to infringe upon the rights of a fully licensed broker.

The Georgia Real Estate Commission adopted Rule 520-5-.11 in an effort to protect the public and particularly to provide full-time supervision of real estate salesmen. The creation of a class

designated as "Part-Time Broker" is not within the purview of the statute, which establishes and clearly defines only three classifications to wit: "Real Estate Broker," "Associate Broker," and "Real Estate Salesmen." Code Ann. § 84-1402 (Ga. L. 1965, p. 629).

The language of the statute delegating authority to the Georgia Real Estate Commission is set forth in Code Ann. § 84-1404 as follows: "The Commission shall organize by selecting from its members a chairman and may do all things necessary and convenient to carry into effect the provisions of this Chapter and may from time to time promulgate necessary rules and regulations to carry out the provisions of this Chapter." Nothing therein provides the authority to create a fourth classification of "Part-Time Broker." If the public interest requires such a class and specific limitations concerning employment of salesmen, it can only be accomplished by the legislature. Our court is bound to follow the statutory language and the Supreme Court decisions which limit the delegation of the law-making power to the General Assembly.

The declaratory judgment should have been granted as prayed by O'Neal, and the trial court's judgment in failing to grant same is reversed.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED MAY 8, 1973 — DECIDED JUNE 14, 1973.

*Johnston & McCarter, Ralph E. Carlisle,* for appellant.
*Arthur K. Bolton, Attorney General, Timothy J. Sweeney, H. Andrew Owen, Jr., Assistant Attorneys General,* for appellee.