## 29398. GEORGIA REAL ESTATE COMMISSION et al. v. ACCELERATED COURSES IN REAL ESTATE, INC.

HILL, Justice.

Appellee, Accelerated Courses in Real Estate, Inc. ("ACRE"), filed suit for injunction and declaratory judgment against the Georgia Real Estate Commission and its members, appellants. ACRE teaches courses to students seeking careers in the real estate business. The commission has the duty and responsibility of licensing real estate brokers and salesmen (Code Ann. Ch. 84-14).

In 1974, the General Assembly enacted the following provision applicable to real estate salesmen (Ga. L. 1974, pp. 375, 376; Code Ann. § 84-1411 (b)): "Each applicant for a salesman's license shall (1) furnish evidence of completion of twenty-four in-class hours in a *course of study approved by the commission* or, in lieu thereof, a correspondence course approved by the commission, or (2) furnish a certificate that he has successfully completed at least five credit hours in subjects related to real estate at an accredited university or college prior to standing a real estate examination." (Emphasis supplied.) The amendment became effective July 1, 1974 (Code Ann. § 102-111).

The commission thereafter adopted Rules 520-2-.01 through 520-2-.10 providing for such matters as the means by which an applicant for a salesman's license would furnish evidence of completion of the required study and the means by which a school would certify a student as having passed its course of study, requiring such schools subject to the Georgia Proprietary School Act (Code Ann. Ch. 32-23B) to be approved by the State Board of Education, etc.

One such Rule, 520-2-.03, required that a school seeking approval of its course submit a proposed course outline, copies of textbooks, copy of sample final examination, resumes on its instructors, etc.

Subparagraph (f) of said Rule 520-2-.03 provided in pertinent part as follows: "A schedule of course offerings for the year for which approval is sought must accompany the application. Each schedule must include the name,

the date, time and place of any course offering. The schedule of course offerings must be arranged so as to allow reasonable time for either home study or in-class preparation for each classroom session. *No course offering of between 24 and 48 hours in duration will be approved unless the schedule calls for three or less hours per day of classroom study.* No course offering between 48 hours and 92 hours in duration will be approved unless the schedule makes provision for no more than six hours per day of any class study. No course exceeding 92 hours or more of study shall be approved unless provision is made for no more than eight hours per day of in-class instruction." (Emphasis supplied.)

ACRE filed application with the commission for approval of its course of study. That application showed that its 24-hour course consists of 3 days of instruction of 8 hours each. The commission denied the application on the ground that the course offered by ACRE did not comply with Rule 520-2-.03(f).

ACRE filed this suit alleging that its 24-hour course complies with the 1974 Act, that the commission was without authority to adopt Rule 520-2-.03, and that the commission's action was arbitrary and capricious. (Actually, the complaint challenges a statement of policy apparently adopted and issued by the commission after approval of the 1974 Act and before it became effective on July 1, 1974. We treat the complaint as attacking the rules adopted after the effective date of the Act, as did the court below, because it would be of no benefit to the parties to rule upon the statement of policy and leave the validity of the rules undecided.)

ACRE's verified complaint and supporting affidavits showed that its 3-day course permitted use of highly qualified instructors who would be unavailable if the course were taught over longer periods of time, permitted students from across the state to attend ACRE's courses offered in Atlanta and Savannah who could not attend an extended course in those cities, and was a more efficient use of classtime in that it allowed progression based upon material taught and avoided review of previously learned material.

The commission submitted affidavits of educators

showing that teaching by the "distributed learning" method (material presented for student consumption in small quantities over a period of time) is preferable to the "mass learning" method (material presented in concentrated quantities in a short time span) in that distributed learning is more easily understood by students because time is allowed for absorption and to clear up confusion, and distributed learning is retained by students longer.

After hearing, the trial court enjoined the commission "until further order" from enforcing Rules 520-2-.01 through 520-2-.10, on the ground that the commission had exercised Ga. L. 1974, pp. 375, 376, supra, in an unconstitutional manner. The parties waived findings of fact and conclusions of law by the trial court (see Code Ann. § 81A-152), so that this court does not have the benefit thereof.

The commission has appealed. Admittedly, several of the issues are extremely close.

1. Appellee has suggested that this court lacks jurisdiction. Although the appellee's complaint seeks a declaratory judgment, it also alleges that ACRE is without an adequate remedy at law. The prayer is not for injunctive relief to preserve the status quo pending the declaratory relief (see Code Ann. § 110-1102 (b)) but is for a permanent, as well as temporary, injunction. The trial court enjoined the commission "until further order."

Whether interlocutory or final, the order granting the injunction is appealable at this time (Code Ann. § 6-701 (a, 3)). Being an equity case, it is appealable to this court (Code Ann. § 2-3704), notwithstanding the fact that the constitutional validity of administrative rules would be appealable to the Court of Appeals.

We find that this court has jurisdiction of this appeal.

2. In *Eason v. Morrison,* 181 Ga. 322 (1) (182 SE 163), it was held that the test of validity of an administrative rule is twofold: (1) Is it authorized by statute, and (2) is it reasonable? An agency rule might be reasonable but unauthorized by statute, or authorized by statute but unreasonable. In either event, it could not stand. However, because an unreasonable rule would be invalid and hence unauthorized, the distinction may occasionally

have been overlooked.

Our first inquiry is whether the rule in issue here was authorized by statute.

In *Eason v. Morrison,* supra, the State Board of Barber Examiners was acting pursuant to statutory authority "to adopt reasonable rules and regulations not inconsistent with the Constitution or laws of the United States or of this state or with the terms of this chapter, for the enforcement of and carrying out the purposes of this chapter." Thus, the board's rule-making power was to adopt reasonable rules and regulations, not inconsistent with law, for the enforcement of and carrying out the purposes of the barbering law. The board adopted a rule requiring a licensed applicant seeking renewal of his license to submit a laboratory report and doctor's certificate showing that the renewal applicant was free from infectious diseases. The rule was held to be authorized by the statute, not inconsistent therewith, and reasonable.

In *Eason,* supra, the court examined the Act in its entirety and determined that one of its purposes was to protect the public health. The Act creating the Real Estate Commission and regulating real estate practitioners, as does the 1974 amendment, has for its purpose the protection of the public welfare.

The 1974 Act (Ga. L. 1974, pp. 375, 376; Code Ann. § 84-1411(b)) provides in pertinent part that each applicant for real estate salesman's license shall furnish evidence of completion of "twenty-four in-class hours in a course of study approved by the commission."

The inquiry at this point is whether the authority given the commission to approve "a course of study" includes authority to approve the time frame thereof. If "course of study" is narrowly construed to mean "curriculum," the answer would favor the school, but the General Assembly did not use the word "curriculum." If, however, "course of study" be construed broadly to mean "course," the answer would favor the commission, but the General Assembly added the words "of study."

However, the 1974 amendment itself does not authorize the commission to promulgate rules. Such authority existed previously in Code Ann. § 84-1405 (d)

(Ga. L. 1973, pp. 100, 104) which authorizes the Commission ". . . to pass rules and regulations relating to the professional conduct of licensees and administration of, but not inconsistent with, the provisions of this Chapter," to wit: Code Ann. Ch. 84-14. The 1974 Act (Ga. L. 1974, pp. 375, 376), amended Ch. 84-14. Thus, the rule-making power of the real estate commission is to pass rules and regulations relating to the administration of (but not inconsistent with) its approval of courses of study of real estate. Therefore, the commission was empowered to adopt Rule 520-2-.03(f). That rule is not inconsistent with Ch. 84-14. Thus, Code Ann. § 84-1405 (d) authorized promulgation of the rule in question.

In *Eason v. Morrison,* supra, the statutory authority for rule-making was to adopt rules, not inconsistent with law, for enforcement and carrying out the barbering law. Here the statutory authority is to adopt rules, not inconsistent with Code Ann. Ch. 84-14, relating to the administration of that chapter of the Code. One of the commission's duties is to approve real estate courses of study. The rule-making power of the real estate commission is not limited to procedural matters.

The decisions relied upon by appellee and which may appear to be contrary to *Eason v. Morrison,* supra, are distinguishable. In *Crawley v. Seignious,* 213 Ga. 810 (102 SE2d 38), the rule there held invalid was found to be contrary to (i.e., inconsistent with) the Act. See also *O'Neal v. Ga. Real Estate Comm.,* 129 Ga. App. 211 (199 SE2d 362), applying *Crawley,* supra, to the same effect. Moreover, it should be noted that the rule-making power of the real estate commission was increased by Ga. L. 1973, pp. 100, 107 (Code Ann. § 84-1405 (d)), which became effective after the decision in *O'Neal,* supra.

In *Southern Co-Op. Foundry Co. v. Drummond,* 76 Ga. App. 222 (45 SE2d 687), the rule-making power of the State Board of Workmen's Compensation was found by the court to be limited to matters of procedure. P. 225. Moreover, the rule there held invalid was found to be inconsistent with the Workmen's Compensation Act. P. 224.

In *State of Ga. v. Schafer,* 82 Ga. App. 753, 757 (62 SE2d 446), the court held that the revenue commissioner

could not adopt a rule making certain conduct a crime which the law did not declare to be a crime, because such rule was not "in accord with the provisions" of the Act.

In *Crawley, O'Neal, Drummond* and *Schafer,* supra, the opinions point out that the promulgation of rules not authorized by statute constitutes an unconstitutional usurpation of legislative power. However, the promulgation of rules authorized by statute is not an unconstitutional usurpation of legislative power. In view of the foregoing, no constitutional issue is presented.

The rule of the real estate commission here in issue is not contrary to law. Without such rule-making power a real estate school could offer a 24-hour course in one 24-hour period, or a two-day course of 12 hours each. Certainly a rule prohibiting such "course of study" would be upheld. That such a prohibition would be upheld establishes the power to promulgate the rule and leads to the question of reasonableness.

3. The rule in issue in this case might be unreasonable as to ACRE by depriving it of using highly qualified instructors available for only a few days at a time. It might be unreasonable as to ACRE by depriving it of students from across the state who cannot attend a course in Atlanta or Savannah offered only 3 hours a day over an 8-day time span.

However, the test of reasonableness is not the impact of the rule upon a particular educational format or school. For example, ACRE has no constitutional or statutory right to be able to offer its courses only in Atlanta or Savannah. It has no constitutional or statutory right to operate in such manner as to be able to employ short-term faculty as opposed to employing instructors available to teach fewer hours a day over a longer time span.

The test of reasonableness is the impact upon the student and the public. Is it unreasonable to require a student seeking to become licensed as a real estate salesman to attend a 24-hour course of study for not more than 3 hours per day and therefore over a period of at least 8 days? Would the public which deals with real estate salesmen who had had such 3-hour 8-day course of study be penalized thereby, or benefited?

The evidence submitted by the commission showing

that the "distributed learning" method has recognized educational value demonstrates that the action of the commission in adopting subparagraph (f) of Rule 520-2-.03 was not arbitrary, capricious, or unreasonable. Although there was evidence showing benefits to be derived from ACRE's format, the courts of this state are not in the position of promulgating educational policy. Even though the real estate commission may not be expert in educational matters, the responsibility in this area is the commission's and not the courts', and there was evidence to justify the commission's decision.

Although it is the function of the courts to evaluate the reasonableness of an agency rule, such evaluation should begin from the appropriate starting point (the student and the public, in this instance) and should credit the relevant evidence offered to support the reasonableness of the rule.

4. ACRE urges this court to adhere to the rule that "Where the evidence at an interlocutory hearing to determine whether or not the lower court should grant or deny a temporary injunction is conflicting, it can not be said that the court abused its discretion in either granting or denying the injunction." *Forrester v. City of Gainesville,* 223 Ga. 344 (1d) (155 SE2d 376).

ACRE urges that there was some evidence that its educational format was beneficial to its students and hence to the public, and that the grant of the temporary injunction therefore was not error.

If the decision of the court below was based upon a finding that the rule in question was not authorized by the law giving rule-making power to the real estate commission, then the grant of the temporary injunction would be error (see Division 2, above). If that decision was based upon a finding that the relevant evidence of reasonableness (Division 3, above) was conflicting, then the grant of the temporary injunction was not error. *Forrester v. City of Gainesville,* supra.

As heretofore noted, by consent of the parties no findings of fact or conclusions of law were made.

ACRE urges that since the injunctive order may be subject to two interpretations, it should be construed so as to uphold it; i.e., the order should be construed as being

based upon a finding that the commission was authorized by law to adopt the rule and a further finding that the relevant evidence of reasonableness was conflicting.

However, the order states that "The defendants have exercised the law as provided in Georgia Laws 1974, pp. 375, 376 in an unconstitutional manner." This conclusion shows that the court below found the rule to be unauthorized by law (see Division 2, above). Thus the order is not subject to two interpretations and it therefore must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 25, 1975.

*Arthur K. Bolton, Attorney General, R. Douglas Lackey, Assistant Attorney General,* for appellants.

*Lokey & Bowden, Hamilton Lokey, Gerald Handley, Henry Head,* for appellee.