## 55665. THE STATE v. BAKER.

BANKE, Judge.

The defendant is accused of driving under the influence of alcohol. The state appeals the grant of her motion to suppress evidence of a breath test which had been administered to her to determine her blood-alcohol content. The trial court granted the motion because the state could not produce admissible evidence that the testing device used, a photo-electric intoximeter, had been approved by the state crime laboratory.

We affirm. Although Code § 68A-902.1, which governs the administration of blood-alcohol tests, does not contain any requirement that breath analysis equipment be approved by the state crime laboratory, such a requirement is created by Rule 570-9-.06 (6) of the Rules of the Department of Public Safety, as reported in the Official Compilation of the Rules and Regulations of the State of Georgia, Vol. VI. That regulation provides in pertinent part, as follows: "All breath tests other than the original screening test will be conducted on a photo-electric intoximeter or breath analyzer of a design specifically approved by the Director, State Crime

Laboratory."

The police officer who testified for the state regarding the administration of the test was not competent to state whether the director of the state crime laboratory had approved the design of the machine in question. Proof of that fact would require either a properly authenticated record to that effect or the testimony of the director himself. Since no such evidence was available, the trial court was correct in suppressing the test results.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED APRIL 3, 1978 — DECIDED JUNE 23, 1978 — REHEARING DENIED JULY 10, 1978 — 

*Hinson McAuliffe, Solicitor, Frank A. Bowers, R. L. O'Brien, Jr., Assistant Solicitors,* for appellant.
*James B. Pilcher,* for appellee.