## 57744. BRADY v. THE STATE.

UNDERWOOD, Judge.

Brady was convicted of driving under the influence of alcohol. On appeal, she contends the trial court erred (1) in denying her motion for recordation of all proceedings and (2) in allowing a police officer to testify as to the results of a breath analyzer test.

In *State v. Baker,* 146 Ga. App. 608, 609 (247 SE2d 160) (1978) we held that although Code Ann. § 68A-902.1 does not require that breath analysis equipment be approved by the State Crime Laboratory, Rule 570-9-.06 of the rules of the Department of Public Safety as reported in the Official Compilation of the Rules and Regulations of the State of Georgia, Vol. VI, does contain a requirement that the equipment used must be of a design approved by the Director, State Crime Laboratory. The state offered no testimony or evidence in the instant case to show that the design of the breath analyzer used had been approved by the State Crime Laboratory. In *Baker,* supra, we held that "Proof of that fact would require either a properly authenticated record to that effect or the testimony of the director himself." The solicitor of the

State Court of Glynn County concedes that it was error to admit the results of the photo-electric intoximeter analysis into evidence without such proof, and in view of our holding in *Baker,* supra, we agree. As this error requires reversal, we need not deal with the first enumeration of error.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED SEPTEMBER 4, 1979.

*Henry Ross,* for appellant.
*Alan B. Smith, Solicitor,* for appellee.