## 69223. RIELLI v. THE STATE.
(330 SE2d 104)

McMURRAY, Presiding Judge.

Defendant was indicted for two counts of homicide by vehicle in the first degree, driving under the influence, operating a vehicle without insurance, operating a vehicle without a proper tag and driving too fast for conditions. Defendant entered his plea of guilty of the offenses of operating a vehicle without insurance and of operating a vehicle without a proper tag. At trial the jury returned verdicts of guilty as to the offenses of driving under the influence and driving too fast for conditions. The jury was unable to reach a verdict as to the two counts charging homicide by vehicle and a mistrial was declared as to these alleged offenses.

Defendant was sentenced on each of the counts to which there was a plea or verdict of guilty. Defendant appeals. *Held*:

1. Defendant contends the trial court erred in qualifying a

State's witness as an expert on the effects of alcohol on the human body. The witness in question was a medical doctor. The witness testified that she had received her Doctor of Medicine degree in 1959, had done a residency in internal medicine, and had received training as to the effects of alcohol on the human body.

"Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell*, 106 Ga. App. 259 (4) (126 SE2d 830). Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge involving a particular subject may be derived from experience as well as study and mental application. *Carter v. Marble Products, Inc.*, 179 Ga. 122 (1) (175 SE 480); *Frazier v. State*, 138 Ga. App. 640, 645 (227 SE2d 284)." *Dennis v. State*, 158 Ga. App. 142, 143 (3) (279 SE2d 275). See also *Morris v. State*, 159 Ga. App. 600, 601 (1) (284 SE2d 103). We find no abuse of discretion by the trial court. This enumeration of error is without merit.

2. Defendant contends the trial court erred by restricting his voir dire questions to the jury panel concerning possible bias against the use of alcohol. The trial court refused to permit defendant to ask members of the panel: "[A]re your feelings about the use of alcohol such that you do not feel you could fairly and impartially hear this case?"

"Voir dire should allow both parties an opportunity to ascertain the ability of the prospective jurors to decide the case on its merits, with objectivity and freedom from bias and prior inclination. *Whitlock v. State*, 230 Ga. 700 (198 SE2d 865) (1973). However, no question should require a response from a juror which might amount to a prejudgment of the case. *Jones v. Parrott*, 111 Ga. App. 750 (2) (143 SE2d 393) (1965). Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' *Lamb v. State*, 241 Ga. 10, 12 (243 SE2d 59) (1978)." *Waters v. State*, 248 Ga. 355, 363 (283 SE2d 238).

We find no abuse of discretion, particularly since the trial court allowed defense counsel to inquire as to bias in an appropriate manner. Defense counsel was permitted to ask prospective jurors "[I]s there anything about the nature of the charges that this man's charged with that would make you feel like you couldn't properly, or you couldn't fairly hear this case and give a fair verdict?" This enu-

meration of error is without merit.

3. Defendant contends that certain blood test results should not have been admitted into evidence due to the failure of the State to comply with the provisions of Rule 570-9-.06 (11), Rules of the Department of Public Safety, as reported in the Official Compilations of the Rules and Regulations of the State of Georgia, Volume 8. Defendant quotes the present language of this regulation which requires the arresting officer to write the name of the person performing a chemical test (excluding the alcohol screening test) and the results of the test on the uniform citation form. The present language of the regulation reflects amendments of the regulation since the date in question, April 25, 1982. At that time the regulation was somewhat ambiguous, but construing the language most favorably to defendant, it directed that the arresting officer write the name of the person performing a chemical test on the uniform citation form. In the case sub judice the name of the person who performed the chemical test does not appear upon the uniform traffic citation charging defendant with driving under the influence.

Defendant argues that the admissibility of chemical test results is dependent upon the State's compliance with the rules and regulations promulgated by the Department of Public Safety. Defendant relies upon our decisions in *State v. Johnston*, 160 Ga. App. 71 (286 SE2d 47) (affirmed 249 Ga. 413 (291 SE2d 543)); *State v. Baker*, 146 Ga. App. 608 (247 SE2d 160); and *Willoughby v. State*, 153 Ga. App. 434, 435 (1) (265 SE2d 352). All of these cases involve Rule 570-9-.06 (6), Rules of the Department of Public Safety, as reported in the Official Compilation of the Rules and Regulations of the State of Georgia, a rule mandated by the statutory language now contained in OCGA § 40-6-392 (a) (1).

Although purportedly predicated upon Ga. L. 1974, pp. 633, 672 (now OCGA § 40-6-392 (see OCGA § 50-13-5 (b)) we find no authorization therein for Rule 570-9-.06 (11). An administrative rule promulgated without statutory authority is invalid. *Georgia Real Estate Comm. v. Accelerated Courses, Real Estate*, 234 Ga. 30, 32 (2) (214 SE2d 495). See also *Crawley v. Seignious*, 213 Ga. 810 (102 SE2d 38); *O'Neal v. Ga. Real Estate Comm.*, 129 Ga. App. 211 (199 SE2d 362); *Southern Co-Operative Foundry Co. v. Drummond*, 76 Ga. App. 222 (45 SE2d 687); and *State of Ga. v. Schafer*, 82 Ga. App. 753, 757 (62 SE2d 446). Rule 570-9-.06 (11) is a mere policy statement which lacks the force and effect of law. Consequently we find no harm to defendant in any failure to adhere to this Rule. This enumeration of error is without merit.

4. During the cross-examination of defendant the following exchange occurred: "Q. Have you, Mr. Rielli, any idea that you can impart to this jury as to how Larry Dean Rielli acts when he's loaded up

to point twenty-one grams percent of blood alcohol? A. Sir, I was of sound mind. Q. You were what? A. Sound mind. I wasn't intoxicated. Q. All right. You were an *experienced drinker* at that time? A. Yes, sir." (Emphasis supplied.) Defendant then objected on the grounds that the State was trying to place defendant's character in issue. See OCGA § 24-2-2. Defendant argues that use of the term "experienced drinker" was an attempt to portray defendant as an habitual drinker, a drunkard and an alcoholic. The words used by the prosecution clearly do not provide any support for defendant's argument. Consumption of alcohol by adults is not prohibited and clearly any person repeatedly indulging in such would be an experienced drinker. The term questioned by defendant is irrelevant to character. Also we note earlier testimony elicited by defense counsel during cross-examination of the State expert witness as to variations in the effect of alcohol when consumed by an inexperienced or "experienced drinker." This enumeration of error is without merit.

5. Defendant contends the trial court erred in allowing the State to introduce evidence of prior convictions in aggravation at sentencing. Defendant objected to the introduction of certified copies of prior convictions on the grounds that he had never received proper notice under OCGA § 17-10-2 (a). The State furnished a copy of defendant's prior record but apparently gave no notice as to which convictions it would seek to introduce into evidence.

OCGA § 17-10-2 (a) provides in part, "that only such evidence in aggravation as the state has made known to the defendant prior to his trial shall be admissible." This language has been construed to mean "that notice of each specific conviction to be introduced in evidence by the State at the sentencing phase of the trial should be given to the party on trial or his attorney. And the fact that such notice was given should be clear and not cloudy. . . ." *Gates v. State*, 229 Ga. 796, 797 (4) (194 SE2d 412). See also *Collins v. State*, 145 Ga. App. 341, 344 (4) (243 SE2d 716). However, the furnishing of defense counsel with a list of convictions upon which the State expects to rely is sufficient. *Peters v. State*, 131 Ga. App. 513, 516 (9) (206 SE2d 623).

Additionally, we note that "[t]he purpose of making the defendant's record known to him is to allow counsel and the defendant to determine if there are any defects which would render these documents inadmissible during the presentencing phase of the trial. [Cits.]" *Johnson v. State*, 171 Ga. App. 851, 854 (321 SE2d 402). That purpose was satisfied here when the trial court offered to continue the sentence hearing in order to permit defense counsel any necessary additional time. Defense counsel's refusal of the trial court's offer rendered any error harmless. Adequate notice was given as to the evidence in question and no reason has been shown requiring that this case be remanded for another sentencing hearing. *Williams v. State*,

162 Ga. App. 680, 681 (2) (292 SE2d 560).
*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 13, 1985 —
REHEARING DENIED MARCH 28, 1985 —

*G. Terry Jackson*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *David T. Lock*, Assistant District Attorney, for appellee.