73505. THE STATE v. McCRACKEN.
(352 SE2d 639)

DEEN, Presiding Judge.

Doyle McCracken was charged with driving a motor vehicle while under the influence of alcohol on July 21, 1983. He filed a motion to suppress based upon the arresting officer's alleged noncompliance with Department of Public Safety Rule 570-9-.06 (1) which was in

force at the time of his arrest and has since been stricken from the department's rules. The rule stated: "Every officer stopping a motorist pursuant to Georgia Code 68B-306 and performing an alcohol screening test shall deliver the results of said test and his accompanying report to his supervising superior at the post, precinct, station or office to which he is assigned at the close of his hours of duty."

The arresting officer testified that he administered an alco-sensor test to McCracken on the date in question and that it was the Georgia State Patrol's policy as well as his individual practice to turn in all citations, incident reports, etc. to the station at the end of each day. Although he could not remember if he had submitted the incident report in question, he could not recall failing to submit such a report. He further stated that he was unable to locate the incident report in this case, but that the state patrol files are destroyed after a certain period of time and that this was his first court appearance on this case. The defendant claimed that the officer told him he had passed both tests, but admitted the decision to make a D.U.I. arrest was within the officer's discretion. The trial court granted the defendant's motion to suppress on the grounds of noncompliance with rule 570-9-.06 (1) and that the failure of the officer to deliver the results of this test and his report harmed the defendant. The state appeals. *Held*:

The court does not specify the nature of the harm done to the defendant and we can find none. Other portions of the rule in question have been held to be "a mere policy statement which lacks the force and effect of law" from which there can be no resulting harm to the defendant for failure to adhere to its requirements. *Rielli v. State*, 174 Ga. App. 220, 222 (330 SE2d 104) (1985). See also *Thompson v. State*, 175 Ga. App. 645, 647 (334 SE2d 312) (1985). We believe this same reasoning applies to 570-9-.06 (1).

*Judgment reversed. Benham and Beasley, JJ., concur specially.*

BENHAM, Judge, concurring specially.

While the case law compels me to concur in the decision to reverse the trial court's ruling, I write separately because I fear that the majority opinion may be interpreted as supporting the proposition that Rule 570-9-.06, in its entirety, is a mere policy statement which lacks the force and effect of law.

In *Rielli v. State*, 174 Ga. App. 220 (3) (330 SE2d 104) (1985), cited by the majority, this court held that the administrative rule at issue therein was without legal effect because it was an administrative rule promulgated without statutory authority. The court concluded that a failure to adhere to such an administrative rule, being without legal effect, resulted in no harm to the defendant. In *Turrentine v. State*, 176 Ga. App. 145, 156 (335 SE2d 630) (1985), this court held that there was no statutory scheme governing the use of alco-sensors,

the initial screening test at issue in the case at bar. Since there is no statutory mention of initial screening tests, much less statutory authority for the promulgation of rules and regulations governing their use, the rules and regulations concerning initial screening tests (presently Rule 570-9-.06 (1-4)) are mere policy statements without the force and effect of law, and their violation results in no harm to the defendant. Therefore, the trial court erred when it found appellee had suffered harm due to the officer's violation of former Rule 570-9-.06 (1). The remainder of Rule 570-9-.06 is concerned with the chemical analyses authorized by OCGA § 40-6-392, and therefore has statutory authority.

Appellee argues that Rule 570-9-.06 (1) was designed to give effect to the statutory mandate that "[u]pon the request of the person who shall submit to a chemical test or tests at the request of a law enforcement officer, full information concerning the test or tests shall be made available to him or his attorney." OCGA § 40-6-392 (a) (4). However, OCGA § 40-6-392 is inapplicable to the initial alcohol screening test. *Turrentine v. State,* supra.

Since I agree that the trial court erred in granting appellee's motion to suppress, I concur in the judgment of reversal.

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED JANUARY 5, 1987.

*Patrick H. Head, Solicitor, Benjamin M. First, Assistant Solicitor,* for appellant.
*J. Alfred Johnson,* for appellee.