## 77834. BROWN v. STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS.
### (378 SE2d 718)

DEEN, Presiding Judge.

Dr. Everett A. Brown appeals from the grant of summary judgment in favor of the Georgia State Board of Examiners of Psychologists ("Board") and the dismissal of his complaint for declaratory judgment which sought to invalidate a rule promulgated by the Board.

Appellant, a senior psychologist at Northwest Georgia Regional Hospital in Rome, Georgia, claims that he made a telephone inquiry to a Board secretary in late February of 1985, requesting information and an application to take the psychologists' licensing examination. He received no response to this request and made a second call in mid-March. He talked to the same secretary and claims that she did not advise him of a new eligibility rule which was scheduled to take effect on March 28, 1985. The prior rule (Rule 510-2-.03 (2)) did not require that the school from which the applicant obtained his doctoral degree be accredited at the time the applicant graduated; it required only that the school be accredited at the time that the applicant sat for the licensing examination. Amended Rule 510-2-.03 (2) required an applicant to receive a doctoral degree from a college that was accredited at the time the degree was conferred. Dr. Brown satisfied the requirements of the prior rule, but not the amended rule. He was a graduate of the Union for Experimenting Colleges and Universities, which was accredited on February 23, 1985, but the accreditation was expressly not made retroactive to Dr. Brown's graduation date by the accreditation authorities.

The Board admitted that those graduates of the Union for Experimenting Colleges and Universities who submitted applications after their institution was accredited, but prior to the effective date of the rule change, were permitted to sit for the licensing examination, and one of the candidates has since received a license to practice psychology.

In early April of 1985 the Board sent an application to Dr. Brown, along with a copy of the Board rules and regulations as they existed prior to March 28, 1985. Dr. Brown completed his post-doctoral supervised work experience on June 15, 1986, and applied to take the licensing examination on June 30, 1986. In October of 1986 he was notified that his application had been denied at the September 11-12 meeting of the Board. Although he made several requests

for a copy of the new rule, he was not provided with a copy until the end of October. In December he asked the Board to reconsider its decision, but on January 27, 1987, it reaffirmed its ruling.

In July of 1987, Dr. Brown filed a declaratory judgment action and amended it in April of 1988 to add a negligence count, alleging that the actions of the Board in failing to make a timely response to his inquiries, and in failing to furnish him with appropriate application forms and instructions until after March 28, 1985, were such wilful and gross negligence as to estop the Board from refusing to accept his application, and he should have been permitted to sit for the examination.

1. Dr. Brown first contends that amended Rule 510-2-.03 (2), as applied to him, is arbitrary and capricious and is a violation of his due process rights.

The State of Georgia, in the exercise of its police power to protect public health and welfare, may regulate health and related trades and professions. *Foster v. Ga. Bd. of Chiropractic Examiners*, 257 Ga. 409, 418 (359 SE2d 877) (1987); *Wise v. State Bd. for Examination &c. of Architects*, 247 Ga. 206, 207 (274 SE2d 544) (1981); *Hughes v. State Bd. of Med. Examiners*, 162 Ga. 246, 258 (134 SE 42) (1926). An individual does not have a constitutional right to practice a health care profession since such a right is subordinate to the state's right to regulate such a profession. See *Pace v. Smith*, 248 Ga. 728 (286 SE2d 18) (1982); *Baranan v. State Bd. of Nursing Home Administrators*, 143 Ga. App. 605 (239 SE2d 533) (1977).

The Georgia General Assembly created the State Board of Examiners of Psychologists to examine and license individuals for the practice of psychology, OCGA Chapter 43-39. Under OCGA § 43-39-5 (d), the Board is expressly authorized to "adopt such rules and regulations as it may deem necessary for the performance of its duties and [to] provide for examinations and pass upon the qualifications of the applicants for the practice of psychology." Under OCGA § 43-39-8 (b) (2), one of the requirements of a candidate for a license is that he or she "[h]as received a doctoral degree from a program in psychology . . . from an accredited educational institution recognized by the board as maintaining satisfactory standards."

The test of the validity of an administrative rule is twofold: whether it is authorized by statute and whether it is reasonable. *Ga. Real Estate Comm. v. Accelerated Courses in Real Estate*, 234 Ga. 30, 32 (214 SE2d 495) (1975); *Eason v. Morrison*, 181 Ga. 322 (1) (182 SE 163) (1935); *Baranan v. State Bd. of Nursing Home Administrators*, supra. In examining the validity of the rule in question, we find that it was authorized by the statute, it was not inconsistent therewith, and it was reasonable. This rule was in effect for some fifteen months before appellant made his application to take the licensing

examination. While appellant may have delayed in sending in his application because he relied upon the provisions of the prior rule, we know of no requirement that future applicants be notified of a rule change, and there is no requirement that the state "grandfather" in everyone who does not meet a new rule's requirements. Appellant has cited us to no authority, nor can we find any, where a rule similar to Georgia's has been found to be arbitrary or capricious. The fact that Dr. Brown has worked as a psychologist for the state does not give him a vested right to sit for the licensing examination. Indeed, the state may require additional requirements which would prohibit those already licensed from continuing to practice in the regulated field. *Hughes v. State Bd. of Med. Examiners*, supra.

While the court below found that the Board's delay in sending Dr. Brown the requisite forms and regulations proximately caused his injury by depriving him of the opportunity to apply while he was eligible, he failed to allege and prove that the Board was under any duty to act with speed and promptness upon receiving an oral request for information, and he made no showing that he informed the Board of his special situation. OCGA § 50-13-4 (a) (1) requires a state agency to mail notice of a rule change "to all persons who have requested in writing that they be placed upon a mailing list which shall be maintained by the agency for advance notice of its rule-making proceedings and who have tendered the actual cost of such mailing as from time to time estimated by the agency." As noted by the trial court, appellant did not request that he be placed upon such a list. Therefore, appellant's ignorance of the rule at the time that he applied to take the examination and the Board's earlier tender of outdated rules do not excuse Dr. Brown from meeting the Board's educational requirements at the time of his application.

2. The trial court did not err in holding that appellant did not have a constitutional right to a "grandfather clause" exempting him from complying with Rule 510-2-.03 (2). Since he does not enjoy a constitutional right to practice psychology, it stands to reason that he has no corresponding right to be exempt from complying with the licensing rules. An individual takes his license subject to the state's right (when public good demands) to make further restrictions and requirements, which will be upheld if reasonable even though they prohibit some people from further engaging in a profession under a previously granted license. *Hughes v. State Bd. of Med. Examiners*, supra.

We find appellant's reliance upon *Cline v. Supreme Court of Ga.*, 781 F2d 1541 (11th Cir. 1986), to be without merit. *Cline* involved a challenge to a Georgia Supreme Court rule requiring applicants for the Georgia Bar Examination to graduate from an "approved" law school and further provided for a grandfather clause which allowed

those persons who were attending or graduating from a non-approved law school in 1978 an additional period of time in which they could take and pass the bar examination. The issue in that case was whether this rule created an unconstitutional, irrebuttable presumption that graduates of an unapproved law school were incompetent if they did not pass the bar examination within the specified period. The court found the rule to be rationally related to the state's goal of insuring a competent bar. *Cline* did not hold, as appellant asserts, that there was a constitutional right to a grandfather clause when a licensing board modifies its eligibility rules.

3. The trial court correctly held that appellant was not entitled to sit for the licensing examination because of any negligence by the Board in furnishing Dr. Brown with a copy of the rule change until after it was changed.

The trial court held that the Board had no duty to notify appellant or any other potential applicant of a rule change. The appellant does not allege that he informed the Board of his special situation (that he had graduated from an unaccredited school which was recently accredited and that the accreditation had not been made retroactive to cover his date of graduation), and that a rule change would again make him ineligible, so as to put the Board on notice that it must act promptly. A misleading act by a Board employee would not mandate acceptance of his application. The State is not estopped by the acts of its agents or employees unless the acts were conferred by law, and the law not only authorizes the act to be done but requires its performance. See *Johnson v. Caldwell*, 148 Ga. App. 617, 619 (251 SE2d 837) (1979); *P. C. Gailey Contractors v. Exxon Co.*, 143 Ga. App. 827, 829 (240 SE2d 208) (1977); *Dept. of Public Health v. Perry*, 123 Ga. App. 816, 819 (182 SE2d 493) (1971). There is no merit in this enumeration.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 14, 1989.

*Rogers, Magruder, Sumner & Brinson, Dudley B. Magruder, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, Mark H. Cohen, Senior Assistant Attorney General,* for appellee.